The State of Missouri ex rel., etc., v. Moeller et al.

take advantage of the fact that other parties were improperly joined as defendants. In this case the defendants all join in the demurrer.

While it is conceded that the better practice is for those alone to demur who are improperly made parties, it is insisted that all the parties, either plaintiffs or defendants, may join in the demurrer when the cause assigned is a misjoinder of parties.

———————●———————

THE STATE OF MISSOURI *ex rel.*, ETC., Respondent, *v.* CHARLES MOELLER *et al.*, Appellants.

1. *County Court, clerk of—Swamp lands—Stray act—Construction of statute.* —Notwithstanding the provisions of section 81, ch. 46, Gen. Stat. 1865, and Wagn. Stat. 1259, § 79, it is not the duty of the clerk of a County Court to collect the proceeds arising from the sale of swamp lands, or of "section 16," or moneys received under the stray act, and the sureties on his official bond cannot be held for the amount of moneys so collected by him, and not paid over as required by law.

A proper interpretation of section 81 does not authorize the county clerk to receive the money, but imposes upon him, as the keeper of the public accounts and the custodian of the evidences of indebtedness, to see that collections are enforced.

The State of Missouri ex rel., etc., v. Moeller et al.

*Appeal from Carroll Circuit Court*

*Hall & Oliver*, for appellants.

The words " all other moneys for school purposes," in section 81 of the school law, cannot mean moneys arising from the sale of school lands. When the Legislature authorized the county clerks to collect fines and penalties, which amount at most to a few hundred dollars annually, it did not mean, by the addition of the words " other school moneys," to authorize the clerks to collect the whole school fund, which in many counties amounts to tens of thousands of dollars. (1 Blackst. Com. 87, § 2.)

The words " fines, penalties, and all other moneys," mean fines, penalties, and all other moneys of a like character. (Broom's Legal Max. 374 *et seq.*)

The construction contended for by plaintiff is in direct conflict with other statutes of the State. (2 Wagn. Stat. 1300, §§ 22, 23; *id.* 862, § 22.; Gen. Stat. 1865, pp. 269-71, §§ 64-74.)

*Ray & Ray*, for respondent.

While it was made the duty of the county treasurer to receive all moneys belonging to the school fund, it was nowhere made his duty to become a collector of such funds. As a matter of fact, the clerks of the County Courts have the custody of the bonds and notes and mortgages for the school funds, arising from whatever source. County Courts have the care and management, by law, of the school funds, and under Gen. Stat. 1865, ch. 46, § 81, the county clerk is made the agent and executive officers of the court in the discharge of this duty. (Gen. Stat. 1865, ch. 46, p. 270, § 65; *id.* ch. 49, p. 283, § 6; *id.* ch. 48, p. 279, § 6; *id.* ch. 48, p. 280, §§ 16-18.) If the county treasurer is by law the custodian of these bonds and notes, and, of necessity, charged with the amount thereof, why is he again charged with any amount of money that may be paid in to him on these same bonds (under Gen. Stat. 1865, ch. 46, p. 271, §§ 74-5) by the clerk of the County Court? and why is the clerk directed to credit the amount so paid in on the bonds and

notes and mortgages, if the bonds and mortgages are not in his possession? All the policy of the law, in all its provisions, looks to the active agency of the county clerk in making the collection of these funds. (Gen. Stat. 1865, p. 231, § 41 ; *id.* 389, § 23 ; *id.* 269, § 49 ; *id.* 265, §§ 31–33.)

If these payments are unauthorized the debt remains unpaid, and the parties are liable to a second payment. If the law makes it his official duty to make these collections, the county clerk cannot escape responsibility by assuming to make the collections in the name or as the agent of another party.

BLISS, Judge, delivered the opinion of the court.

Defendant Moeller was charged with collecting, as clerk of the Carroll County Court, certain moneys belonging to the school fund of the county, to-wit : the proceeds of the sale of the swamp lands, of the sale of section 16, and money received under the stray act. This suit is upon his official bond, and his sureties claim in defense that it was no part of the clerk's official duty to collect such moneys, and consequently that they are not holden on the bond for their reimbursement.

Counsel for relator base the liability of defendant upon Gen. Stat. 1865, ch. 46, § 81 ; Wagn. Stat. 1259, § 79, which provides that "the said county clerk shall collect or cause to be collected the fines and penalties, and all other moneys for school purposes in his county, and pay the same over to the county treasurer on account of the school fund," etc.

If this provision is construed to authorize the payment to the clerk of moneys arising from the swamp land and section 16 school fund, and from the sale of strays, it contradicts other provisions of the statute. Sections 22 and 23 of the stray act (Gen. Stat. 1865, ch. 83 ; Wagn. Stat. 1300) provide for payments "into the county treasury for the use of the school fund of such county." Chapter 49 of the General Statutes provides for the sale or lease of section 16 for the use of the school fund, and section 22 (Wagn. Stat. 862) expressly requires that rents be paid into the county treasury, and that the treasurer shall give duplicate receipts therefor ; so, when the

township school fund is loaned, being the proceeds of section 16, the principal and interest when collected are payable into the county treasury, and the treasurer is required to give duplicate receipts, etc. (Wagn. Stat. 1257, § 72.) The act relating to county treasuries (Wagn. Stat. 410, § 7) provides that the treasurer shall receive all moneys payable into the treasury, and the school act (Wagn. Stat. 1249, § 26) specially provides that he shall be the treasurer of all school moneys; and even in regard to fines and penalties, specially named in the section upon which the relator relies, so far as they are collected by "collectors, sheriffs, marshals, clerks, constables," etc., these officers are chargeable therewith, and they must "pay any balance due the county into the county treasury, taking duplicate receipts therefor, and deposit one with the clerk of the County Court," etc. (Gen. Stat. 1865, ch. 38, § 19; Wagn. Stat. 412); and to enforce such payment, sections 40, 41, 42 and 43 of the same act make stringent provisions.

The provisions of our school act in regard to collections seem to be made somewhat contradictory by the clause quoted, authorizing county clerks to collect, which was thrown into the revision of 1865. No other provision was expressly repealed, and, upon well-settled principles, we cannot hold them repealed by implication if any other construction can be reasonably given. Here, then, we have a general clause directing the clerk to collect, or cause to be collected, fines, penalties, and all other moneys; while the statute had specifically provided for the collection of each specific fund in a different manner. There is nothing else in the statute that authorizes the clerk to collect anything but his own fees, and there are greater difficulties in giving this provision the construction indicated by a literal interpretation of its terms, than even by holding it nugatory. The phrase is "all other moneys," and by such interpretation it would include those collected by the county collector upon the tax books, and everything that belongs to the school fund. It will not be seriously claimed that this clause makes the clerk the general collector for the county of school moneys, and yet its literal interpretation would have that effect. If not the general

collector, where are his collections to stop? The amounts collected upon the assessments spread upon the tax books are as much "other moneys" as the sums paid upon loans of the township or county school funds. For all these "other moneys" a different mode of collection is provided, and of some of them it would be impossible, under our collection laws, for the clerk to. be the collector. We ought, then, to find an interpretation that will reconcile all the statutory provisions, and that is consistent with their general spirit.

We are then forced to the conclusion that the section quoted is not authority to receive money, but that it imposes the general duty upon the clerk, as the keeper of the public accounts and the custodian of the evidences of indebtedness, to see that collections are enforced. He alone is supposed to know when payments become due, and he should look sharply after every description of indebtedness, bring the matter before the proper authorities or tribunals, and see to it that the school funds do not suffer from inattention or delay. But we cannot make him a county treasurer or collector proper, without nullifying other provisions of the statute and throwing into confusion our whole system of county finances.

The Circuit Court held that the clerk was authorized to make these collections, that they came within his official duties, and hence that the sureties upon his official bond are bound to make good any default on his part in accounting for them. Under the view we hold, its judgment must be reversed. The other judges concur