| 72 | 387 |
|----|-----|
| 105 | 189 |

| 72 | 387 |
|----|-----|
| 92a | ²363 |

</div>

THE STATE *to the use of* ST. LOUIS COUNTY v. BONNER *et al.*,
*Appellants.*

**Auditor of St. Louis County**: SCHOOLS. It was no part of the duty of the auditor of St. Louis county to collect the county and township school moneys. Acts 1874, pp. 162, 167, §§ 69, 86.

The sureties in his official bond, therefore, could not be held responsible for school moneys collected by him and not accounted for.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*H. A. Clover* and *James B. Goff* for appellants.

*Leverett Bell* and *M. W. Huff* for respondent.

NORTON, J.—This suit was commenced in the circuit court of St. Louis county to recover the penalty of a bond executed by Wm. H. Heath, as auditor of St. Louis county, and defendants as his securities. The petition, after alleging the title of St. Louis county to the school fund, after alleging the election and qualification of Heath as auditor, and the execution of the bond sued upon by him and defendants as sureties, avers that the condition of said bond was that "if said Heath shall well and faithfully demean

himself in office and perform all the duties of his office according to law either now existing or which may hereafter be enacted, then the said obligation to be void," otherwise to be of full force.   The specific breach assigned is, that said Heath, as auditor of St. Louis county, from August 31st, 1871, to June 26th, 1876, collected and received into his possession, by virtue of his said office, divers sums of money for school purposes in said county, and constituting the school fund thereof, and the various townships in said county, aggregating $130,000, which he was required by law to pay into the treasury of said county, but that he failed to pay said sum into the treasury, and converted the same to his own use.   On a trial in the circuit court, plaintiff obtained judgment, which, on motion of defendants, was arrested, and plaintiff declining to plead further, judgment was rendered for defendants, which, on the appeal of plaintiff to the St. Louis court of appeals, was reversed, and the cause is here on the appeal of defendants.

The only question presented by the record is, as to the sufficiency of the petition.   It is contended by defendants that it fails to state a cause of action; first, because the suit cannot be prosecuted in the name of the State for the use of St. Louis county; and second, because it was no part of the duty of said Heath, as auditor, to collect the school money of the county or townships, or any part thereof, and pay the same into the treasury.

We will first consider the second objection made. Was it one of the official duties of Heath, as auditor, to collect said school money and pay it into the treasury? It is claimed, on the part of the plaintiff, that it was, and this claim is based on sections 69 and 86 of the laws of 1874, pages 162 and 167.   The act in which these sections are found is known as the school law, and said section 69 provides that "in St. Louis county the duties that devolve upon county clerks under this act shall devolve upon the auditor," and section 86 provides that the county clerk

" shall collect, or cause to be collected, the fines and pen-
alties and all other moneys for school purposes in his county
and pay the same over to the county treasurer on account
of the public school fund." In the case of the *State ex rel.*
*v. Moeller*, 48 Mo. 331, which was a suit against the securities
upon the bond of a county clerk, in which they were sought
to be made liable because the clerk had collected school
moneys arising from the proceeds of the sale of swamp
lands, and failed to pay the same into the treasury, sec-
tion 86, *supra*, was before the court for construction, and it
was expressly held that it imposed no official duty on a
county clerk to collect and receive school moneys, but only
the general duty, as the keeper of the public accounts and
custodian of the evidences of indebtedness, to see that col-
lections were enforced; and that the sureties on the bond of
the clerk were not liable, although he had collected school
moneys and had not paid the same to the treasurer of the
county. The case before us falls within the principle of
the above case, and must be governed by it, and giving
efficacy to it, without repeating the reasons assigned in the
opinion for the conclusion reached, we reverse the judg-
ment of the St. Louis court of appeals, and affirm the
judgment of the circuit court. This view of the subject
makes the consideration of the first point presented, as to
the right of the county to use the name of the State in the
prosecution of a suit to recover school moneys, wholly un-
necessary. All the judges concur.