Knox County v. Goggin.

KNOX COUNTY, *Appellant*, v. GOGGIN, *Appellant;* CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, *Respondent.*

DIVISION ONE.

1. **County Clerk:** SCHOOL-MONEY LOAN: SATISFACTION OF MORTGAGE. A county clerk has no authority conferred upon him by law ( R. S. 1879, secs. 7105, 7114 ) to collect money due upon a bond given for loan of school moneys, nor to enter satisfaction of the mortgage.

2. —— : —— : ——. Nor will a long continued exercise by the county clerk of the power to enter such satisfaction bind the county.

3. —— : —— : ——: AGENCY. One who pays a school-money debt to the deputy county clerk makes him his agent for the purpose of paying off the debt, and the county is not responsible for the deputy's misconduct in not applying the money as directed.

4.  ——— : ——— : ——— : ———.   A borrowed $500 from the county
school fund, executing his bond therefor, secured by a mortgage on
his land.   After the maturity of the debt he negotiated through
B a loan of $600 from an insurance company, and B in order to
clear the land of the school-fund mortgage, and to take in its place
a new mortgage for the insurance company, paid out of his indi-
vidual funds the school-money debt to the deputy county clerk.
The deputy clerk entered satisfaction of the mortgage on the
record, and a new mortgage was made by A on the land to secure
the insurance company's loan.   The deputy clerk misappropriated
all but fifty dollars of the sum paid him by B to liquidate the
school-money debt.   *Held* that B, under the facts involved in this
case, was the agent of A for the purpose of paying off the school-
money incumbrance and that A's land was subject to the liens of
both the school-fund mortgage, and the mortgage made to the
insurance company.

5.  **Pleading** : PETITION : SURPLUSAGE.   A petition will not be dis-
missed because the evidence does not support certain charges
therein where it does support other averments which are sufficient
to authorize a recovery.

*Appeal   from   Knox   Circuit   Court.*—HON.  B.  E.
TURNER,  Judge.

REVERSED AND REMANDED.

*Charles D. Stewart* and *William Clancy* for appel-
lant, Knox county.

(1)   Entry of satisfaction of the school-fund mort-
gage by the deputy county clerk was a nullity.   R. S.
1879, sec. 7114 ; *State ex rel. v. Moeller*, 48 Mo. 331 ; *St.
Louis Co. v. Bonner*, 72 Mo. 389 ; *State v. Hickman*,
84 Mo. 81 ; *St. Louis Co. v. Heath*, 8 Mo. App. 104.   It
was no part of 'the duty of the deputy county clerk to
collect the school fund from Goggin.   See authorities,
*supra.*   (2)   Where the officers of a private corpora-
tion are unfaithful to their trust, a court of equity, upon
a proper showing, will allow stockholders to file a bill to
prevent an intended fraud on them, or to set aside a
fraud already consummated.   *Dodge v. Woolsey*, 18 How.
333 ; *Memphis City v. Dean*, 8 Wall. 64 ; *Bronson v.*

*Railroad,* 2 Wall. 283; *Hawes v. Oakland,* 104 U. S. 450. The county is not liable for the alleged laches of the deputy county clerk in failing to account for the money said to have been received from the agent of the insurance company. *Marion Co. v. Moffett,* 15 Mo. 616; *Parks v. State,* 7 Mo. 194; *Ray Co. v. Bentley,* 49 Mo. 236; *Railroad v. Smith,* 9 Wallace, 95; *Norton v. Township,* 110 U. S. 608; *Kelley v. Milan,* 127 U. S. 139.

*O. D. Jones* for appellant Goggin.

(1) The petition does not state facts sufficient to entitle plaintiff to any relief. It charges a combination to commit a fraud, but no wrongful act. *Alexander v. Relfe,* 74 Mo. 495. Relief can be granted only on the grounds stated in the petition. *Cox v. Esteb,* 68 Mo. 110. (2) Brown was the insurance company's agent, even if he was also appellant's. (3) Brown did not "discharge the prior lien" out of the "proceeds of the loan," or out of his money. The company gives this "contract" in evidence against appellant, and that, with the evidence that it, nor Brown, has complied with one of its material conditions—has violated all of them. But, in the face of it all, it is made, in the opinion of the court, the foundation to the decree to compel appellant to pay the debt to both plaintiff and defendant company. As to the effort of Brown to pay the school-fund debt out of his own means he acted as a volunteer; he was not under contract to do it, or authorized to do it. If the money paid Bunce is lost, it is his money. If the company gives its contract with Goggin, making him appellant's agent, in evidence, and claims under it, it must take notice of all its terms and conditions. *Hagerman v. Sutton,* 91 Mo. 520, 533. Brown was a special agent to "procure a loan;" he did not agree to make one to, nor Goggin to borrow of, him. If Brown's payments to Bunce did not discharge the mortgage and anyone owed the money to him it was Bunce; it was not appellant. He did not contract

to become Brown's debtor on mortgage in any event. A man has the right to choose whose debtor he will be. *Allen's Adm'r v. College*, 41 Mo. 302. "Authority to perform or carry out a contract does not imply power to change it; nor does a power to sue and execute a release imply power ( to agent) to release without payment." 1 American and English Ency., pp. 367–372; *Wheeler v. Givan*, 65 Mo. 89; *Stewart v. Wood*, 63 Mo. 252; *Burkwalter v. Craig*, 55 Mo. 71; *Greenwood v. Burns*, 50 Mo. 52.

*Lee & Ellis* for respondent.

(1) The county clerk was the duly authorized agent of the county to acknowledge satisfaction of mortgages on the margin of the record. *Corpenny v. Sedalia*, 67 Mo. 91; *Kiley v. Forsee*, 57 Mo. 390; Dillon, Mun. Corp. [4 Ed.] p. 213; *Davies v. Mayor*, 93 N. Y. 254; *Boggs v. Caldwell*, 28 Mo. 588; R. S. 1879, secs. 5357, 5387, 5389, 7105, 7114; *Sheidley v. Lynch*, 95 Mo. 487. (2) The declaration made on the margin of the record that the mortgage debt had been paid in full was conclusive on the county, until the release was set aside, and it could not be set aside as against respondent, after it had parted with its money on the faith of such declaration. *Valle's Adm'x v. American, etc., Co.*, 27 Mo. 455; *Sheidley v. Lynch*, 95 Mo. 498; *Denison v. City of Kansas*, 95 Mo. 430; *Rutherford v. Hamilton*, 97 Mo. 548; *Curnen v. Mayor*, 79 N. Y. 511; *Railroad v. Joliet*, 79 Ill. 39; *Colona v. Eaves*, 92 U. S. 490; *State v. Dent*, 18 Mo. 313; *Depot Co. v. St. Louis*, 76 Mo. 393; 1 Pomeroy Eq. Jur., sec. 200. (3) Respondent was not chargeable with notice that the mortgage debt had not been paid into the county treasury. *Thomas v. Hesney*, 57 Iowa, 58; *Lantry v. Sutton*, 5 N. Y. Sup. 14; *Peck v. Ritchey*, 66 Mo. 114. (4) Appellant Goggin is liable on his note and mortgage given to respondent irrespective of his liability to Knox

county. (5) The court should dismiss both appeals for failure to file statement as required by statute. *McGuire v. Nugent*, 103 Mo. 161.

BLACK, J.—This is a suit by Knox county to the use of the swamp-land fund against Goggin and the Connecticut Mutual Life Insurance Company to foreclose a mortgage executed by Goggin, and to set aside a satisfaction of the mortgage made by the deputy county clerk. The circuit court postponed the county mortgage to a deed of trust held by the defendant company of a subsequent date, and then decreed a foreclosure of both instruments. From that decree the plaintiff and the defendant Goggin appealed.

On October 12, 1875, Goggin executed his bond in the sum of $500, payable to the county in one year, for the use of the swamp-land fund, with interest at the rate of eight per cent. per annum, and secured the same by a mortgage on one hundred and twenty acres of land. On January 4, 1884, he delivered to E. D. Brown an application in writing setting forth a desire to borrow $600 on the land. By the terms of this application Goggin appointed R. B. Wade, his attorney, in fact, to procure the loan from any person or corporation, and agreed to pay the expenses of an abstract, the fees for recording the mortgage to be given, and a commission of five per cent. on the sum borrowed. This application contains this further clause : " I hereby authorize and empower E. D. Brown, my agent, to draw all drafts on Robert B. Wade, at St. Louis, Missouri, for the purpose of closing said loan, or to pay off and discharge of record all and every incumbrance of whatever kind or nature found to be a lien or cloud on said premises, and to deduct the required amount, together with all expenses and compensation, from the amount borrowed, hereby ratifying and confirming all that my said attorney may do in the premises as fully as if done by myself."

Knox County v. Goggin.

Wade resided in St. Louis, and Brown was a loan agent at Edina, in Knox county. Brown examined the land and then sent his report and the foregoing application to Wade, who negotiated a loan with the insurance company. To perfect this transaction it became necessary to satisfy the county mortgage, and to that end Brown advanced the money and paid it over to Bunce, the deputy county clerk, who entered satisfaction of the mortgage upon the margin of the record thereof, and delivered the bond and mortgage to Goggin. Thereupon Brown caused the deed of trust from Goggin and wife to the defendant company to be recorded, and procured the certificate of an attorney to the effect that Goggin was the owner of the land and that it was free from incumbrances, and forwarded the same to Wade, who paid Brown's debt for the money borrowed from the company, and the latter reimbursed himself for the money paid the deputy clerk.

Bunce received the money from Brown on January 28, 1884, and on the next day he paid to the county treasurer $50, as interest on the county mortgage, the prior interest having been paid by Goggin, but he kept the principal of $500 paid to him by Brown, and accounted to the treasurer for no part of it. The evidence shows a practice in Knox county of fifteen or more years' standing, by which the clerk, or the county court, satisfied school mortgages without any general or special order of the county court, and in a few instances the clerk made such entry of satisfaction without first procuring a receipt for the money from the treasurer. The satisfaction was made in the present case by the deputy without any order of the county court and without a treasurer's receipt. The county made no demand of Goggin for the principal or interest due on the bond in question until some three years after the deputy clerk had received the money from Brown.

Though the bond and mortgage were made to the county for the use of the swamp-land fund, still it seems

to be conceded on all hands that the money borrowed by Goggin from the county had become, and was a part of the county public school fund. The first question which arises is whether the deputy county clerk had any authority conferred upon him by law to collect the money due upon this bond, and this question is to be determined by the laws relating to the collection of school funds. Section 7105, Revised Statutes of 1879, relied upon by the defendant company, taken by itself, would furnish to the county clerk the authority claimed; for it provides that "the county clerk shall collect, or cause to be collected, the fines and penalties and all other moneys for school purposes in his county, and pay the same over to the county treasurer, on account of the public school fund."

But this section must be read in connection with the other sections, and its general language limited by the more specific provisions. Subsequent sections specify what provisions and conditions every mortgage taken as security for school money loaned shall contain and point out the method of enforcing such mortgages; and section 7114 is in these words: "When any portion of the principal or interest, or both, may be collected as prescribed in any of the foregoing sections, it shall be paid into the county treasury; and it shall be the duty of the treasurer to give the person making payment thereof duplicate receipts, specifying the sums paid, and on what account. One of said receipts shall be given to the clerk of the county court, who shall file and preserve the same in his office, charge the treasurer with the amount, and credit the payment to the party on whose account it is made, on his bond and mortgage."

This section makes it the clear duty of the mortgagor to pay the money to the county treasurer and then present the duplicate receipt to the county clerk. Hence it was held in the case of *State ex rel. v. Moeller*, 48 Mo. 331, that it was not the duty of the county clerk to collect the proceeds arising from the sale of swamp

lands, or from the sale of the sixteenth section. That was a suit on the bond of the county clerk, and it was held that the clerk and his sureties were not liable on his bond for such moneys, because it was not part of the duties of the clerk to receive the same. Says the court: "We cannot make him a county treasurer, or collector proper, without nullifying other provisions of the statute and throwing into confusion our whole system of county finances." The case just cited and *State to use v. Bonner*, 72 Mo. 387, set at rest the questions in hand, and show that the county clerk had no authority to collect the money due upon this bond and mortgage. It also follows that his deputy had no such authority. When Brown gave the money to the deputy clerk, he made the deputy clerk his agent for the purpose of paying off that debt, and the county is in no way responsible for the misconduct of the deputy in not applying the money as directed, for the deputy in receiving the money was not acting within the scope of his duties, but outside of them.

Other sections of the statute make it the duty of the clerk of the county court to keep regular accounts between the treasurer and the county ; and, in view of this fact, and the further fact that the county treasurer had no authority to acknowledge satisfaction of a school-fund mortgage, it is argued that the clerk must possess that power. Prior to the revision of 1889, the statutes did not in terms provide what officer should acknowledge satisfaction of these mortgages. But the statute did make the county clerk the custodian of the securities, and, on presentation of the treasurer's duplicate receipt, he was required to charge the treasurer with the amount, and credit payment to the party on whose account it was made on the bond and mortgage. The credit thus given, when in full payment, necessarily operated as a satisfaction of the mortgage. The marginal satisfaction is no more than additional evidence of

payment.    The clerk might give such additional evi-
dence of payment by order of the county court ; but,
without such order, he had no such authority.   The treas-
urer's duplicate receipt was his warrant for crediting the
party making payment, without which he had no power
to make the credit, much less any power to acknowledge
satisfaction of the mortgage.    The duties of these county
officers are prescribed by law, and it was the duty of the
defendant insurance company, and others dealing with
the land, to see that the money had been paid into the
county treasury.

   But it is further insisted that, if the statute did not
give the clerk authority to acknowledge satisfaction of
the mortgage, still the county should be held bound by
his act in this case, because of the long-continued prac-
tice of the clerk of Knox county to exercise that power.
The first answer to this argument is that a practice on
the part of county officers at variance with the plain
meaning of the law cannot be sustained as a construc-
tion of the law.    To hold otherwise is to say a general
statute law may receive different interpretations in dif-
ferent counties, a doctrine which we do not approve.   A
mere local usage cannot be invoked to construe a gen-
eral enactment, even for the locality.    Endlich on Interp.
of Statutes, secs. 361, 362.    Again, the clerk had no
authority even to credit the bond and mortgage with
payment until presentation of the treasurer's duplicate
receipt.    The entry of satisfaction by the deputy clerk
was made without any warrant of authority whatever,
and in no manner binds or estops the county.    In order
to foreclose the mortgage, it is not even necessary that
this unauthorized entry should be set aside.    It follows,
from what has been said, that the county has the prior
lien, and the court erred in postponing that lien to the
deed of trust of the insurance company.

   The defendant Goggin insists on his appeal that
he ought not to be made liable for both mortgage debts.
It follows, from what has been said, that he is still liable

upon the county mortgage.   This being so, he denies
any liability for the payment of the debt to the defend-
ant company, and, in support of this claim, he takes
the ground that Brown was not his agent, but was the
agent of the company.   Brown was not in communica-
tion with the company.   He was a local loan agent,
making loans through his business connection with
Wade, of St. Louis.   It was to Brown that Goggin made
the application for the loan, and in that application he,
in express terms, appointed Brown his agent to draw
drafts on Wade for the purpose of closing the loan, and
for the purpose of paying off and discharging incum-
brances on the land.   There is no claim that Brown did
or was to receive any compensation from the company.
We cannot see that there is any foundation whatever for
the assertion that Brown was the agent of the company.
He was the agent of Goggin, certainly, for the purpose
of paying off the incumbrance, and it was the failure of
Brown to pay the money to the proper officer, that has
led to this controversy.   What rights Goggin may have
as against his agent Brown, we need not say, for that
question is not before us ; but we hold that the deed of
trust to the insurance company is a valid lien on the
land, subject, however, to the mortgage to the county.

The defendant Goggin makes the further claim that
the petition should be dismissed, because the evidence
does not support the charge that he, Bunce, Brown and
the insurance company made a fraudulent combination
for the purpose of obtaining the release.   This averment
and the other averment of things done in execution of
the alleged combination are not proved, but it does not
follow from this that the petition should be dismissed.
The petition is also based upon the theory that the
deputy county clerk had no authority to receive the
money or make the alleged satisfaction of the mortgage,
and this ground for relief is sustained by the law and
evidence.   It, therefore, makes no difference that plain-
tiff failed to prove all the averments of the petition.

Some other points are made on the one side and the other, but they do not affect the merits of the case, and are overruled.

The judgment is reversed, and the cause remanded for further proceedings, in conformity with this opinion. All concur.