Stern v. City of St. Louis.

STERN v. BENSIECK and CITY OF ST. LOUIS, Appellants.

### Division Two, March 12, 1901.

1. **Negligence:** CHILD: CARE: "CAPABLE OF." The instruction told the jury that the child injured by the defective sidewalk was "bound to exercise such reasonable care and caution for his personal safety while using the sidewalk, as a boy of his age, experience and intelligence was individually capable of." *Held*, error, since it required the highest degree of care of which the child was capable, instead of that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity.

2. ——: ALLEGATA AND PROBATA. The plaintiff, in a suit against a city for damages for injuries due to a defective sidewalk, is not bound to prove all the defects he alleges. If he alleges the planks and supports of the sidewalk were "rotten, worn out, out of place and warped so as to form a dangerous obstruction to persons on foot," etc., he does not have to prove all these things, and an instruction so declaring, is error, but, on the contrary, it is sufficient if he prove the sidewalk was defective from either of these causes, with notice to the city thereof, and the resulting injury.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*B. Schnurmacher* and *Chas. Claflin Allen* for appellant.

(1)   Instruction 4 given for defendant Bensieck, touching the contributory negligence of plaintiff's minor son, was a proper and correct declaration of law.   Sly v. Railroad, 134

Mo.' 681; Schmitz v. Railroad, 119 Mo. 256; Ridenhour v. Railroad, 102 Mo. 270; Payne v. Railroad, 129 Mo. 405; Spillane v. Railroad, 135 Mo. 414; Riley v. Railroad, 68 Mo. App. 652.   (2)   Instruction 5 given for defendant city, respecting the proof necessary to justify a verdict for plaintiff, was a proper declaration of law.   Lindsay v. Davis, 30 Mo. 412; Jackson v. Hardin, 83 Mo. 186; Pierce v. Railroad (Mont.), 6 Am. Neg. Rep. 109.

*Morris Tucker* and *A. R. Taylor* for respondent.

(1)   The court clearly erred in giving instruction 4 at the instance of defendant Bensieck.   The instruction exacted of the injured boy the highest degree of care of which he was capable.   The boy was capable of exercising the highest degree of care for his safety that a boy of his age, discretion and experience could exercise.   Yet this instruction bars a recovery unless the boy, at the time of his injury, was exercising such high degree of care.   (2)   The plaintiff need prove only such portion of his averments as constitute his cause of action.   Radcliffe v. Railroad, 90 Mo. 135; Morrow v. Surber, 97 Mo. 161; Knox County v. Groggin, 105 Mo. 191.

GANTT, J.—This is an appeal by defendants from an order of the circuit court of St. Louis awarding plaintiff a new trial.   The action is by the father of a minor for the loss of services and expenses incurred by him by reason of an injury to his son caused by a fall on an alleged defective sidewalk upon which defendant Bensieck's property abutted.

The petition alleged in substance that defendants maintained in front of premises known as number 1113, North Broadway, St. Louis, a wooden sidewalk; that on the twenty-eighth day of September, 1895, and for a long period prior

thereto, the said sidewalk was in a dangerous and defective condition, unfit and unsuited for the passage of pedestrians thereon; that the planks and supports of said sidewalk were rotten, worn out, out of place, and warped so as to form a dangerous obstruction to persons on foot passing over the same, especially at night. That the city of St. Louis, by its proper officers, having charge of keeping its sidewalks in repair, knew of said defective condition of said sidewalk in time to have repaired the same before the injury to plaintiff's son, yet neglected to do so. That on the night of September 28, plaintiff's son was passing over said sidewalk, and while doing so, by reason of said defective condition of the sidewalk, his foot was caught against and under a plank of said sidewalk, whereby he was thrown down, breaking his right arm near the elbow. That plaintiff was entitled to the earnings of his son during his minority. That by the injury to his son, plaintiff has lost the earnings of his son during his minority, and incurred expenses for medicines, medical attention and nursing, to the damage of the plaintiff in the sum of five thousand dollars, etc.

The answer of defendant, Bensieck, was a general denial, with a plea of contributory negligence.

The answer of the city of St. Louis was a similar plea.

There was a general denial for reply.

For the purpose of this discussion, it is sufficient to say that there was evidence tending to support the petition, and answers and reply.

There is no dispute upon this question, so that we shall proceed to discuss the grounds urged for a reversal.

Upon the trial of the case, the jury rendered a verdict for both defendants, and, upon motion for a new trial, the court sustained the motion, set aside the verdict and ordered a new trial, because of its errors in giving instruction number 4 at the instance of defendant Bensieck, and instruction 5 given at the

request of the city.

These were the errors assigned upon the record by the court as its grounds for granting a new trial, though others were assigned in the motion.    Since the appeal to this court defendant Bensieck has died, and the cause has been abated as to him by the judgment of this court.

The two instructions (4, given at the instance of Bensieck, and 5, given at the instance of the city) are as follows:

"4.    The son of the plaintiff was bound to exercise such reasonable care and caution for his personal safety, while using the sidewalk, as a boy of his age, experience and intelligence was individually capable of, and as shown by the evidence. And if from the evidence the jury believe that plaintiff's said son knew, or, by the exercise of the degree of care aforesaid, would have known, of the condition of said sidewalk, but did not, at and just before the time he was injured exercise said degree of care, and directly contributed to his being hurt, then the jury will find for the defendants."

"5.    The jury are instructed that it devolves upon the plaintiff to prove to the satisfaction of the jury, first, that the planks and supports of the sidewalk on the west side of Broadway in front of number 1113, North Broadway, were rotten, worn out, out of place and warped so as to form a dangerous obstruction to persons on foot passing over the same when exercising ordinary care as defined in these instructions; and, second, that the plaintiff's son was injured while passing along said sidewalk, by reason of having his foot caught under a plank of said sidewalk.    And unless the plaintiff has shown these facts to the satisfaction of the jury, the verdict must be for the defendant, the city of St. Louis."

I.    It is insisted by plaintiff that the court properly set aside the verdict for the giving of said instruction 4, because it exacted the highest degree of care of which the boy was cap-

able, whereas he was only required by the law of this State to exercise that ordinary care and prudence which, under like circumstances, could reasonably be expected of a boy of his years, capacity and experience. We think the circuit court erred in said instruction. The instruction exacted the highest degree of care of which the boy was *capable*. He was capable of exercising the highest degree of care that a boy of his age and intelligence could exercise. An adult is only required to exercise that ordinary care in travelling along the streets of a city, that a reasonably prudent person would observe under similar circumstances, not the highest care of which he is capable, and yet this instruction exacts more of a boy of tender years than is required of an adult. The rule is too well settled to admit of discussion. Municipal corporations are bound to keep their streets and highways free from obstructions and reasonably safe for travel in the usual modes and are liable for injuries caused by neglect to do so. [Russell v. Columbia, 74 Mo. 480; Loewer v. Sedalia, 77 Mo. 431; Franke v. St. Louis, 110 Mo. 516; Roe v. Kansas City, 100 Mo. 190.] A child is not deemed negligent if he exercises that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. [Beach on Contributory Neg. (3 Ed.), sec. 117; Burger v. Railroad, 112 Mo. 250; Williams v. Railroad, 96 Mo. loc. cit. 283.]

II. The fifth instruction obtained by the city was erroneous. Plaintiff was not bound to prove all the defects he alleged.

Counsel for the city concedes that, if the sidewalk was defective either by being rotten or worn out, or because a plank was out of place in it, or a plank was so warped as to create an obstruction, with notice to the city, and plaintiff was injured by either, while exercising ordinary care on his part, he would be entitled to recover, but insists that because plaintiff alleged

the walk was defective in all these respects, he must prove *all* or he can not recover.   This is not tenable.   It was only essential that he should prove the sidewalk was defective from either of these causes, with notice to the city thereof, and his resulting injury, to make out his case.   [Morrow v. Surber, 97 Mo. loc. cit. 161; Robertson v. Railroad, 152 Mo. loc. cit. 392; Knox County v. Goggin, 105 Mo. 191.]

The substance of the issue was a defective sidewalk, and if plaintiff proved that fact, either by showing it was rotten or was warped, of which the city had notice, and his son was injured thereby, he made out a case and he was not required to prove all or be defeated.

As said by SHERWOOD, J., in Frederick v. Allgaier, 88 Mo. 604:   "Although it is a fundamental rule of evidence that the evidence must correspond with the allegation, yet it 's equally fundamental that it is sufficient if the substance of the issue be proved.

"The fact that the answer was drawn too broadly did not require that defendant should be required to offer proof, or submit to instructions as broad as the allegations of the answer."

The circuit court, then, was not in error in holding it had committed error in giving the instruction.   As to the point that the verdict was for the right party, we need only say that there was a sharp conflict of testimony, and in such case it is not our province to pass on the weight of evidence.   The circuit judge awarded a new trial and committed no error in so doing, and his judgment in so doing is affirmed.

All concur.