FOWLER COMMISSION COMPANY, Appellant, v.
CHICAGO, ROCK ISLAND & PACIFIC RAIL-
WAY COMPANY, Respondent.

**Kansas City Court of Appeals, February 2, 1903.**

1. **Common Carriers:** DELIVERY: COLLECTION OF DRAFT:
MEASURE OF DAMAGES: ACTION. A common carrier may be
liable for failing to collect a draft attached to a bill of lading, and
likewise for failure to deliver shipped goods by reason of their loss,
but the liability arises from different sources and the measure of
damages may be quite different, in the first case, the amount of the
draft, and in the second case, the value of the goods.

2. ———: ———: ———: PLEADING: VARIANCE. The petition
against the carrier alleged a failure of delivery to the consignee or
his order but a wrongful delivery to S. The evidence showed merely
a failure to collect the draft on S. attached to the bill of lading.
*Held,* the variance was fatal.

Appeal from Jackson Circuit Court.—*Hon. John W.
Henry,* Judge.

AFFIRMED.

*W. C. Stewart* for appellant.

(1)   On the trial below the court erroneously held
that the plaintiff must put the bill of lading in evidence.
Clark v. Railroad, 64 Mo. 446; Bernett v. Lynch, 5 B.
& C. 609.   (2)   Plaintiffs introduced their evidence
and at the close thereof defendant, by its attorneys,
demurred thereto on the ground "that on the pleadings
and evidence the plaintiffs are not entitled to recover,"
which demurrer was sustained by the court and judg-
ment entered thereon for the defendant.   Which act of
the court was error.   Levering v. Transportation and
Insurance Co., 42 Mo. 92; Read v. Railroad, 60 Mo. 206;

Hutchinson on Carriers (1879), top page 591, section 764; Davis v. Railroad, 89 Mo. 340. (3) In an action against it for loss of goods if the plaintiff shows a delivery of the goods and then subsequent loss he makes a prima facie case. Hance v. Railroad, 56 Mo. App. 476; Dimmit v. Railroad, 103 Mo. 433; Glass Co. v. Railroad, 44 Mo. App. 416; McCann v. Eddy, 133 Mo. 59; Eckles v. Railroad, 72 Mo. App. 82. (4) The last allegation, however, we think is mere surplusage, stated as it were as evidence or proof that the defendant had not delivered the corn to the plaintiffs. Gannon v. Gas Co., 145 Mo. 502; Knox v. Goggin, 105 Mo. 182; Radcliffe v. Railroad, 90 Mo. 127; Morrow v. Surber, 97 Mo. 155; Kehoe v. Taylor, 31 Mo. App. 588.

*Frank P. Sebree* and *W. F. Evans* for respondent.

(1) The court did not commit any error in sustaining the demurrer to plaintiff's evidence. Eckles v. Railroad, 72 Mo. App. 296; Grain and Elevator Co. v. Railroad, 138 Mo. 658; Crouch v. Railroad, 42 Mo. App. 248; Minter Bros. v. Railroad, 56 Mo. App. 282; Patterson v. Railroad, 47 Mo. App. 570; Holloway v. Railroad, 62 Mo. App. 53; Davis v. Jacksonville Southeastern Line, 126 Mo. 69.

ELLISON, J.—Plaintiff sued defendant in tort on account of breach of duty in the shipment of a carload of corn from Kansas City, Missouri, to Carthage, Texas. At the close of plaintiffs' case the court sustained a demurrer to the evidence and they appealed. There are several points discussed, but as one of them will dispose of the case we need not consider others.

The petition declares that plaintiffs delivered the car of corn to defendant for shipment from Kansas City, Missouri, to Carthage, Texas, there to be delivered to plaintiff's order. That in disregard of said agreement defendant failed to deliver to plaintiffs or

to any one for them, but that it wrongfully delivered the corn to one W. J. Snow who had no right or authority to receive the same. The answer was a general denial and set up a special written contract limiting its liability to the terminus of its own line.

The evidence showed a delivery of the corn to defendant by plaintiffs for shipment to Carthage, Texas, and that it was not received by plaintiffs nor delivered to any one on their order.    On that basis plaintiffs sought to obtain judgment, and on that theory they complain of the action of the trial court.    The evidence, taken together, shows, besides a delivery to defendant for shipment to Carthage, Texas, that they never expected to receive the corn at Carthage themselves but had sold it to W. J. Snow and they drew a sight draft on him for the purchase price with order of delivery attached, and with directions in the shipment for defendant to "Notify W. J. Snow, Carthage, Texas." It further showed that the sight draft for the purchase price was not paid by Snow and that plaintiffs have never received payment for the property.    But there is nothing to show to whom it was delivered.    There is nothing to show a delivery to Snow with or without authority.    One of the plaintiffs (the only witness) testified that he knew nothing about the delivery.    He did not know whether it was delivered to any one.    Indeed, he knew nothing except that his firm did not get payment for the draft.

The fact is, as we gather from plaintiffs' brief, they seek to abandon that part of the petition charging a delivery to Snow without authority, which is totally unsupported, and simply rely upon evidence showing a delivery under shipment to Carthage, Texas, and then cast the onus on defendant to account for the goods. And they cite as authority to sustain their right to thus abandon that part of the petition the cases of Gannon v. Gas Co., 145 Mo. 503, and Knox Co. v. Goggin, 105 Mo. 182.    Those cases by no means support plaintiff's

position as made by their petition and evidence. Here is a petition which, taken with the evidence, shows a shipment for delivery to the purchaser of the property upon his paying the purchase price and that defendant had delivered the property without exacting the price. And that, as before stated, plaintiffs never expected a delivery to themselves or their agent. The delivery was to be made to Snow upon his paying the draft. And for that reason, doubtless, the allegation was made of a delivery to Snow without authority.

While a carrier will be liable for a delivery without collecting a draft attached to the bill of lading, and will also be liable for non-delivery to consignee by reason of loss of property, and the like, yet his liability arises from different sources. In the former instance there is no common-law duty to become the shipper's agent to collect purchase money and he is only liable by reason of breach of an implied contract that he will collect before delivery. Hutchison on Carriers, sec. 391. In the latter case the liability arises from a breach of duty to safely ship and deliver. And while the measure of damages in some cases may be the same in both instances, it would frequently not be. If he fails to collect the draft, as by contract bound, he would only be liable to the amount thereof, though the property itself was of much greater value. But if he fails to deliver, as in duty bound, and the property is lost, he is liable for the full value.

It is manifest that the petition and evidence are altogether out of harmony. That neither supports the other, and that the trial court could not have done otherwise than sustain defendant's demurrer.

The judgment is affirmed. All concur.