J. J. CHILDERS, Respondent, v. R. C. STONE MILLING CO., Appellant.

St. Louis Court of Appeals, March 3, 1903.

1. **Petition: AVERMENT: PROOF: REMEDY: PLEADING: PRACTICE, TRIAL.** A plaintiff will not be deprived of a remedy, nor his rights judicially denied merely because his averments were not all sustained by proof, when the unproven allegations were not necessary to warrant recovery, and the testimony supports averments sufficient to establish a cause of action.

2. **Practice, Trial: ISSUES: REPLY: WAIVER OF FILING REPLY: PRACTICE, APPELLATE.** The case at bar was tried upon the theory that the issues had been completed by a reply on behalf of plaintiff to the affirmative matter set out in defendant's answer, as appeared from the testimony offered by defendants to establish the affirmative allegations constituting their defense, as well as by the absence of any default for want of reply, or motion for judgment upon the pleadings, and although the record does not affirmatively show that a reply was filed, such objection can not be presented to the appellate court.

Appeal from Christian Circuit Court. — *Hon. G. W. Thornberry,* Judge.

AFFIRMED.

*A. W. Lyon* for appellants.

(1) There can be no doubt but plaintiff sues on the original contract of June 8, 1901. The language of the petition is. "On the — day of June, 1901, in consideration of $150 plaintiff contracted and agreed to sell and deliver to said defendants 1,000 bushels of wheat. That thereafter in full compliance with said contract and agreement on his part, plaintiff on the 22d day of August, sold and delivered," still alleging the sale to be within the provisions and according to the terms of the contract of June 8th. (2). When parties change or modify the terms of a written contract, by a subsequent agreement, they must declare upon the agreement as modified. Lanitz v. King, 93 Mo. 513; Sutter v. Reader, 149 Mo. 309. (3) Plaintiff must recover, if at all, on the cause of action stated in his petition. Whipple v. Peter Cooper Building and Loan Assn., 55 Mo. App. 554; Smith v. Shell, 82 Mo. 215; Lenox v. Harrison, 88 Mo. 491; Wright v. Forda & Higgins, 44 Mo. App. 634; Glass et al. v. Gelvin, 80 Mo. 297; Warren Currier v. Samuel Lowe, 32 Mo. 203. (4) If plaintiff allege a parol contract he can not at the trial prove a contract under seal. 35 Mo. 520.

*J. E. Mellette* and *G. A. Watson* for respondent.

(1) The defense interposed by appellant in the trial of this cause is highly technical and utterly without merit. The suit is not on the original contract of June 8, but on a contract of sale and delivery of one thousand and one bushels and fifty pounds of wheat at seventy-one and one-half cents per bushel, made on August 22, 1901. Leaving out any reference to the abrogated contract of June 8, which may be treated as surplusage, the petition states: "That . . . on the 22d day of August, 1901, J. J. Childers sold and delivered to said defendants, at their place of business in the city of Springfield, Missouri, one thousand and one bushels and fifty pounds of wheat, for which said'

wheat said defendants agreed to pay plaintiff seventy-one and one-half cents per bushel. That there is now due and owing plaintiff from said defendants the sum of $556.04, which said sum the defendants have wholly failed, neglected and refused to pay." This allegation was traversed by a general denial in appellants answer. (2) To state the case is to dispose of the six assignments of error in appellant's brief. The petition was not challenged by demurrer, nor by motion and a general denial was made in the answer, and the trial judge had only to determine whether any cause of action was stated in the petition. Roberts v. Walker, 82 Mo. 200; Lysett v. Wolff, 55 Mo. App. 489; Hurst v. City of Ash Grove, 96 Mo. 168. (3) The petition may state unnecessary facts and even facts that are not proven, but if the proof supports averments which are sufficient to authorize a recovery, a party will not be driven out of court. Gannon v. Gas Co., 145 Mo. 502.

REYBURN, J.—In view of the assignments of error in this case, which was appealed from the Christian Circuit Court, the pleadings are given intact, as follows:

"Comes now J. J. Childers, plaintiff in the above entitled case, and for cause of action against the defendant, alleges and says:

"That the defendants, R. C. Stone and Charles A. Barnard, were at all times herein mentioned, engaged in the grain, feed, fuel and milling business in the city of Springfield, Greene county, Missouri, as partners, under the firm name and style of 'R. C. Stone Milling Company.'

"That heretofore to-wit, on the —— day of June, 1901, in consideration of one hundred and fifty dollars, paid to him by the said defendants, plaintiff contracted and agreed to sell and deliver to said defendants, at Springfield, Missouri, 1,000 bushels of wheat. That thereafter in full compliance with said contract and

agreement on his part, plaintiff on the 22nd day of August, 1901, sold and delivered to said defendants, at their place of business in the city of Springfield, Missouri, one thousand and one bushels and fifty pounds of wheat, for which said wheat said defendants agreed to pay plaintiff seventy-one and one-half cents per bushel.

"That there is now due and owing to plaintiff from said defendants, on account of said contract as aforesaid, the sum of five hundred and fifty-six dollars and four cents, which said sum said defendants have wholly failed, neglected and refused to pay and do still refuse to pay, although plaintiff has demanded the payment of said sum from said defendants, in accordance with their said contract and agreement, and that said amount still remains due and unpaid.

"Wherefore plaintiff demands judgment against said defendants and each of them for the sum of $556.04, and the cost of this action and all other and proper relief."

"Now come the defendants, leave of court first having been obtained, and for amended answer to plaintiff's petition say that they deny each and every allegation therein contained, except as hereinafter expressly admitted.

"Defendants admit that the firm of R. C. Stone & Co., was a partnership at the time of the transaction set out in the plaintiff's petition, and composed of R. C. Stone and C. A. Barnard. And admit that they agreed by written contract dated June 8, 1901, to purchase from plaintiff one thousand bushels of wheat, to be delivered at their elevator in Springfield, Missouri, as soon as plaintiff threshed, and not later than August 1, 1901, at the market price then ruling in said city of Springfield. That defendants on the date of the execution of said contract paid plaintiff one hundred and fifty dollars as part of the purchase price of said wheat, and for which plaintiff agreed to pay seven per cent

interest from date of said contract until the date wheat was delivered.

"Further answering, defendants aver that sometime prior to the first of August, they, in order to encourage plaintiff to deliver said wheat at an early date, and as an inducement, further proposed to him that if he would hasten the delivery of his said wheat, and get it in by the first of August, they would either pay him sixty-two cents per bushel for it, or would allow him to deposit the same in their elevator. That wheat at said time was selling in Springfield for about sixty cents per bushel. Thereupon plaintiff elected that he would deposit his wheat in defendant's elevator, and in pursuance of said last-mentioned agreement, plaintiff after delivering his said wheat, received from defendants a certificate of deposit, wherein it was stipulated and agreed that plaintiff had deposited his said wheat in defendants' elevator, and with the understanding that defendants were to have the privilege of mixing said wheat with any wheat they might have in said elevator, and to draw from the said elevator from time to time, or continuously, for mill or market, and to replenish the said elevator with other wheat, and that they would return a like amount of wheat from said elevator to plaintiff at any time he might demand the same. Defendants agreeing at all times to keep in their said elevator an amount of wheat equal to that deposited by plaintiff, and it was further agreed that plaintiff should pay one and one-eighth cents per bushel per month for storage. That said last-mentioned contract of deposit was substituted for, and instead of the contract first aforesaid set out and described in plaintiff's petition, and the said contract sued on by plaintiff, was thereby abandoned.

"Defendants say they have been, and are now, ready and willing to comply with said contract of deposit. That plaintiff has never at any time made a demand for his wheat under said contract, or returned

to defendants the $150 aforesaid, which defendant asks to be returned with interest from said first-mentioned date.

"Defendants further aver that the ruling price of wheat in the city of Springfield on the first of August, 1901, was sixty cents per bushel; wherefore defendants pray to be dismissed with their costs."

In the trial before the court, a jury being waived, the testimony was conflicting upon the issue whether the wheat admitted to have been delivered by plaintiff to defendants had continued on storage or had been purchased by defendants from plaintiff, the plaintiff testifying to the sale, and one of the defendants testifying to the other conditions. At the close of plaintiff's case, defendants asked the court to declare the law to be that under the pleadings and the evidence adduced by plaintiff no recovery could be had, and at the close of all the evidence a like request was made on behalf of defendant; the defendants also asked two other declarations of law based upon the theory that plaintiff had brought his action upon a prior contract made in June, 1901, which the evidence showed had been abandoned or modified, and having shown no breach of it, was not entitled to recover. All of which instructions the court declined to give, and rendered judgment for plaintiff. The customary motion for new trial, as well as a motion in arrest of judgment for the reason that the judgment was erroneous and void upon the pleadings and record, were filed on defendant's behalf and overruled.

1. The first error assigned by defendants is that the plaintiff based his action upon the original contract of June 8th, which the proof established had been abandoned. The only color lent to this claim of defendants is to be found in the preliminary sentences of plaintiff's petition referring to the agreement of plaintiff and defendants as of date June, 1901, and the trial court no doubt treated these portions of the complaint

as surplusage, and adjudged that sufficient allegations of delivery and sale of the wheat were contained in the petition stating a cause of action. The petition was not assailed by defendants in any manner, a general denial was made in the amended answer, and, in our opinion, the trial judge properly held that a cause of action for sale and delivery of the grain was set out in the petition. A plaintiff will not be deprived of remedy nor his rights judicially denied merely because his averments were not all sustained by proof when the unproven allegations were not necessary to warrant recovery and the testimony supports averments sufficient to establish a cause of action. Gannon v. Gas Co., 145 Mo. 511; Knox County v. Goggin, 105 Mo. 191.

2. The case was tried manifestly upon the theory that the issues had been completed by a reply on behalf of plaintiff to the affirmative matter set out in defendant's answer, as appeared from the testimony offered by defendants to establish the affirmative allegations constituting their defense, as well as by the absence of any default for want of reply or motion for judgment upon the pleadings, and while the record does not affirmatively show that a reply was filed, such objection can not now be presented to this court. This rule has been frequently laid down by the courts of this State, and is too firmly established to be now questioned. State ex rel. v. Phillips, 137 Mo. 259; Ferguson v. Davidson, 147 Mo. 564.

No reversible error being shown, the judgment of the lower court is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.