JOSEPH D. RATHBUN et al., Appellants, *v.* THE CITIZENS' STEAMBOAT COMPANY OF TROY, Respondent.

Plaintiff, in New York, shipped, by defendant, certain goods consigned to V. A. at T., marked " C. O. D., $94.28." Defendant accepted of the consignee his check, payable to plaintiffs' order, for the sum stated; this was delivered to and accepted by plaintiffs, who transmitted it for collection; it was returned protested.   In an action to recover damages for alleged failure to collect the sum named, *held*, that the unconditional acceptance of the check by plaintiffs was a waiver of the requirement to collect the money, and a ratification and adoption of plaintiffs' act in receiving it; and that, therefore, plaintiffs were not entitled to recover; also, that it was immaterial whether or not the drawer had funds in the bank at the time of accepting the check, or whether funds had been withdrawn, intermediate the drawing and acceptance of it; that the plaintiffs, by accepting, took that risk.
*Walker* v. *Walker* (5 Heiskells [Tenn.], 425), distinguished.

(Argued February 10, 1879; decided March 18, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, reversing a judgment of the General Term of the Marine Court, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial without a jury.

The facts appear sufficiently in the opinion.

*Samuel Hand*, for appellants.   This was a case of mutual contract and not of agency.   (*Sturges* v. *Crownshield*, 4 Wheat., 197; 2 Black. Com., 466; Metcalf's Com., 14; 1 Burr. L. Dict., 72; 2 id., 336; 1 Bouv. L. Dict., 100; 2 id., 376; Webster's Dict., 1039.)   There was no ratification by plaintiffs.   (Story on Agency, § 256; *Lewin* v. *Dilke*, 17 Miss., 64.)   The taking of the check by defendant violated its contract with plaintiffs.   (*Collender* v. *Dinsmore*, 55 N. Y.)   The receiving of the check of the consignee, in the absence of an express agreement to accept it as payment, was not a payment by defendant.   (*Murray* v. *Gouverneur*,

2 J. R. Cas., 438; *Schermerhorn* v. *Loms*, 7 J. R., 311; *Whitbeck* v. *Van Ness*, 11 id., 409; *Porter* v. *Tallcott*, 1 Cow., 359; *Van Heedburgh* v. *Hoffman*, 15 Barb., 28; *Roberts* v. *Fisher*, 43 N. Y., 159; *Noel* v. *Murray*, 3 Ker., 167; *Crane* v. *McDoual*, 45 Barb., 354; 2 Bouv. L. Dict., 593.) If any loss is to be sustained here, it must be by the party who rendered the loss possible. (*Roberts* v. *Fiske*, 43 N. Y., 161; *Lickbarrow* v. *Mason*, 1 Smith's L. C., 854.) The acceptance of the check by plaintiffs was not a ratification of defendant's unauthorized act in receiving it. (*Walker* v. *Walker*, 5 Heisk. [Tenn.], 425; Story on Agency, §§ 192, 244; *Nixon* v. *Palmer*, 8 N. Y., 401; *Seymour* v. *Wyckoff*, 10 id., 224.)

*Andrew H. H. Dawson*, for respondent. Plaintiffs ratified defendant's act by accepting the check without objection. (*Green* v. *Clark*, 5 Den., 497, 503; *Com. Bk.* v. *Warren*, 14 N. Y., 577; Dunlap & Paley's Agency [4th Am. ed., 1856], 171, note; Story on Agency [8th ed.], §§ 254–256; *Clement* v. *Jones*, 12 Mass., 60; *Pratt* v. *Putnam*, 13 id., 361; *Fisher* v. *Willard*, id., 379; *Emerson* v. *Newberry*, 13 Pick., 379; *Cushman* v. *Loker*, Mass., 106; *Frothingham* v. *Haley*, 3 id., 70; *Shaw* v. *Nudd*, 8 Pick., 9; *Thayer* v. *White*, 12 Metc., 343; *Hatch* v. *Taylor*, 10 N. H., 538; *Warden* v. *Eichbaum*, 3 Grant [Penn.], 42; *Pierce* v. *O'Keefe*, 11 Wis., 180; *Dodge* v. *Lambert*, 2 Bosw., 570; *Hampshier* v. *Franklin*, 16 Mass., 76; *Sutton* v. *Cole*, 3 Pick., 232; *Folger* v. *Mitchell*, id., 396; *Bk. of Augusta* v. *Courcy*, 28 Miss., 667; *Walker* v. *Mobile R. R. Co.*, 34 id., 245; *Ham* v. *Bordy*, 20 N. H., 411; *Bd. of Beloit* v. *Beale*, 34 N. Y., 473; *Franklin* v. *Eyell*, 1 Sneed. [Tenn.], 497; *Law* v. *Cross*, 1 Black., 533; *Owsley* v. *Woolhopter*, 14 Ga., 124; *Williams* v. *Merrit*, 23 Ill., 623; *McConnel* v. *Bowdey*, 4 T. B. Mon. [Ky.], 392; *Mangum* v. *Bell*, 20 La. Ann., 215; 1 Gray, 139; *Bredin* v. *Dubany*, 14 Serg. & R., 27; *Hall* v. *Harper*, 17 Ill., 82; *Farwell* v. *Howard*, 26 Iowa, 381; *Cairnes* v. *Bleeker*, 12

J. R., 300; *Jenneson* v. *Parker*, 7 Mich., 355; *Ham* v. *Brister*, 35 Miss., 391; *Johnston* v. *Jones*, 4 Barb., 369.)

CHURCH, Ch. J.   The transaction developed in this case is not an uncommon one.   The plaintiffs in New York consigned to one Van Alstyne articles of personal property, and forwarded the same by defendant marked " C. O. D., $94.28." It was in effect evidently intended as a sale by plaintiffs to Van Alstyne of the property, the price payable on delivery. The defendant undertook to deliver the property and collect the money, and return it to the plaintiffs.   The defendant accepted a check of Van Alstyne on a Troy bank, payable to the order of the plaintiffs, and delivered it to the plaintiffs who accepted it, and transmitted it for collection, and it was returned protested.   There is no dispute but that the defendant would have been liable if the plaintiffs had refused to accept the check, or had accepted it in a qualified manner, but the question is whether the unconditional acceptance of the check did not amount to a waiver of the requirement to collect the money or a ratification of the act of receiving the check in lieu of the money.   The learned counsel for the plaintiffs relies mainly upon two positions.   1st. That this is the case of receiving a note or check of a third person for an antecedent debt or obligation, the rule being that such note or check is not to be deemed a payment unless an agreement to that effect is made.   2d. That it is not a ratification because the principal was ignorant of the fact that there were no funds.

As to the first proposition the answer is, that there was no pre-existing debt, the payment over of the collection was but the consummation of a single transaction.   The defendant received this check as money ; it was optional with the plaintiffs to receive it as such, or not.   It was delivered to them as such.   The only rational construction of the transaction if put in language, is, that the defendant said I delivered your property, and took this check instead of money, will you receive it as such ? to which the plaintiffs

assented, and accepted it.   It would be unnatural to con-
strue it as an offer to turn out the check of a third person,
upon a pre-existing debt.   True, the defendant had done an
act which would fix a liability upon it for the amount
if the plaintiffs had so elected, but it was competent for
them to waive the strict performance of this part of the
contract.

As to the second point it is insisted that the acceptance of
the check is not a ratification, because the principal did not
have knowledge of all the facts.   It is a general rule, that
knowledge of all material facts, is indispensable, in order to
bind the principal by a ratification.   (Story on Agency,
§ 243; *Nixon* v. *Palmer*, 8 N. Y., 401; *Seymour* v.
*Wyckoff*, 10 id., 224.)   But a ratification when fairly
made, is equal to an original authority.   (Story on Agency,
§ 244, and cases cited.)   What facts were unknown to the
plaintiffs at the time they received the check ?   The check
was genuine in its execution, it was made by the person to
whom the property was delivered, and it is significant that
it was made payable to the order of the plaintiffs, implying
that it was intended to be delivered to them.   It does not
appear whether the drawer had funds in the bank at the
time it was drawn, or not.   It is presumed that he did not
at the time it was presented, and this was not known to the
plaintiffs, and from the nature of the case could not be
known.   A depositor may withdraw funds, although there
are outstanding checks.   It seems to me that whether there
were funds in the bank at the time of accepting the check or
not, or whether they had been withdrawn intermediate the
drawing and acceptance of the check, is not material upon
this question, and that the plaintiffs by accepting the check
took that risk.   The question presented to them was whether
they would adopt the act of the carrier by taking a check
instead of money.   The risk of non-payment when presented
was necessarily assumed.   There was no suppression on the
part of the carrier, nor does it appear that any fact had occurred
between the making and acceptance of the check.   It is argued

that the plaintiffs were merely aiding the carrier to get the money. If that was their intention, they should have made a qualified acceptance. If they had done this, or had refused the check, the carrier might have returned it, and procured the money. By an unqualified acceptance they gave the carrier to understand that they adopted his act. (*Brooks* v. *Express Co.*, 14 Hun, 364).

The case of *Walker* v. *Walker*, 5 Heiskell's R., 425, gives some countenance to the contention of the plaintiff. There an agent in one State collected money for his principal in another under instructions to remit by express. Instead of doing so, he purchased a check on New York from a firm in good standing, and sent it by mail to the principal. It was sent the 6th of February but was delayed so that it was not received until the 17th of April, and the principal forwarded it to New York for payment. On the 13th of April the maker failed, and the check was not paid, and it was held that taking and transmitting it to New York was not a ratification, because the failure of the drawer was unknown to the principal at the time he received it.

In this case there was no such intervening fact. There was an apparent necessity for forwarding the check to prevent a discharge of the maker by *laches*, and hence the act was not entirely inconsistent with the continued liability of the agent. Some stress too was laid upon a letter written by the agent the day before the receipt of the check, from which an inference was drawn that he regarded himself liable if the check was not paid, and the check was drawn by a person entirely unknown to the principal, who necessarily relied upon the representations of the agent as to his credit and solvency. Under these circumstances it was held by a divided court that the act of transmitting was not a ratification. Whether the decision in that case was right or not, I do not think it controlling in this case. The circumstances here are capable of but one construction according to the mode and habits of business, and that is, that the plaintiffs adopted and ratified

the act of the carrier, by the unqualified acceptance of the check. The judgment must be affirmed.

All concur, except ANDREWS, J., not voting.

Judgment affirmed.