JOSEPH MOGUL, INC., Appellant, v. C. LEWIS LAVINE, INC., Respondent.

First Department, April 22, 1927.

Carriers — carriers of freight — goods were delivered to defendant to be transported by motor truck C. O. D.— defendant delivered property and accepted in payment alleged certified check payable to plaintiff — certification was forgery — plaintiff returned check to defendant immediately — action to recover amount defendant agreed to collect — defense of acceptance of check and custom authorizing carrier to accept certified check raises no issue — summary judgment granted.

The plaintiff delivered to the defendant, a common carrier using motor trucks, goods to be delivered in New York city, C. O. D., and defendant agreed to deliver the goods and collect the charge. The defendant delivered the goods and accepted in payment therefor an alleged certified check, the certification of which turned out to be a forgery. The defendant sent the check to the plaintiff which immediately returned the same to the defendant and demanded the amount due on the shipment, and this action is brought to recover that sum. The defense of acceptance of the check by the plaintiff raises no issue, for it appears, without contradiction, that the plaintiff returned the check on the day it was received and demanded that the defendant comply with the terms of its contract.

Furthermore, the defense that there exists a custom or usage in the business of common carriers, well understood by both parties, that in case of a C. O. D. shipment the carrier is privileged to accept a certified check, raises no issue, for if such custom exists, it is applicable only in cases where the check is legally certified and does not apply here, because it distinctly appears that the certification on the check was a forgery.

The defendant having raised no issue, it was error to deny plaintiff's motion to strike out the answer and for summary judgment in plaintiff's favor.

APPEAL by the plaintiff, Joseph Mogul, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of May, 1926, denying plaintiff's motion to strike out the answer of the defendant, and for summary judgment in plaintiff's favor and against the defendant.

*Edward C. Raftery* of counsel [*O'Brien, Malevinsky & Driscoll*, attorneys], for the appellant.

*Henry W. Fried*, for the respondent.

MERRELL, J. The plaintiff is a domestic corporation, having its principal New York office at 152 West Forty-second street, in the borough of Manhattan, New York city. The plaintiff also has an office at 730 Arch street, in the city of Philadelphia, Penn. The defendant is a foreign corporation organized under and by virtue of the laws of the State of New Jersey and is engaged in the business of a common carrier of goods by means of motor trucks operating between the city of Philadelphia, Penn., and the city of New York. On or about January 22, 1926, the plaintiff engaged the defendant to carry a package of goods from the said place of business in the city of Philadelphia, Penn., to one Joseph Ullman, at 58 West Twenty-sixth street, New York city. Under the contract between the plaintiff and the defendant the goods in question were shipped C. O. D., the defendant carrier undertaking to collect from the said consignee, Joseph Ullman, the sum of $3,524.41 before delivery of the goods in question to said consignee. Upon receiving the goods from the plaintiff the defendant executed its express receipt therefor. The goods of the plaintiff thus accepted by the defendant were transported by defendant to New York city and were delivered to the consignee, Joseph Ullman. The defendant instead of collecting the said sum of $3,524.41, accepted from Ullman what purported to be a certified check payable to the order of the plaintiff for said amount, and on January 25, 1926, the defendant, by C. Lewis Lavine, its president, transmitted the alleged certified check to the plaintiff in a letter, of which the following is a copy:

" C. O. D. Remittance
" C. LEWIS LAVINE, INC.
" Commercial Trucking
" 32–34–36 Prince St.
" Trenton, N. J.

" J. MOGUL, INC.,           Date *Jan.* 25, 1926
  " 730 Arch St.,
    " Philadelphia, Pa.

" Our check in the amount of $—— attached hereto covers refund of cash collected for your account for merchandise shipped via our trucks to consignee as ' C. O. D. Shipments ' as follows:

| Date | Consignee | Address | Amount |
|------|-----------|---------|--------|
| 1/22 | J. Ullman | N. Y. C. | $3524.41 |

" Yours very truly,
" C. LEWIS LAVINE."

The plaintiff received this check on January 26, 1926, and on the same day, in person, returned the same to the defendant and notified the defendant in writing, as follows:

*"January* 26, 1926.

" C. LEWIS LAVINE,
  " 812 Springs Candon Sts.,
    " Phila., Pa.

" GENTLEMEN.— We return herewith check of Joseph Ullman on the Fordham National Bank, New York City, dated January 23rd, amount $3524.41, which we will not accept in payment of our C. O. D. shipment made to Mr. Ullman on January 22, 1926.

" We expect a remittance for the above amount immediately.
" Yours very truly,"

The defendant failing to pay to the plaintiff the sum of $3,524.41 which it had contracted to collect of the consignee before delivery of the goods to him, the plaintiff brought suit against the defendant therefor.

The defendant answered in the action denying the material allegations of the complaint and alleging two separate and distinct defenses. As a first separate defense the defendant alleged in its answer that with full knowledge of all the facts the plaintiff duly ratified and confirmed in all respects the delivery to plaintiff of the certified check made by Joseph Ullman to the order of the plaintiff for $3,524.41 and elected to consider a certified check a proper and valid payment to plaintiff. As a second separate and distinct defense the defendant alleged that at all the times while the contract

between the parties was in full force and prior thereto there was a general custom and usage in the business of common carriers, well understood by both parties, that in case of a C. O. D. shipment the carrier was privileged to accept a certified check and to remit the same.

I do not think that the answer of the defendant alleges any substantial defense to plaintiff's cause of action. The defenses of ratification by acceptance of the check in question and of the prevailing custom and usage in the business of common carriers to accept a certified check and to remit the same are both based upon a false premise. It appears that no certified check was ever in fact given by the consignee Ullman, but that a forged certified check, which was in fact no certified check at all, was delivered to and accepted by defendant at the time of the delivery of the goods which the defendant contracted to deliver to the consignee upon payment of said sum of money. The law is well settled that C. O. D. shipment of goods means that the goods transported by the carrier are only to be delivered upon payment by the consignee of the amount specified. In such a contract payment of the sum specified is made a condition precedent to or concurrent with the delivery of the goods transported. As was stated in *State* v. *Peters* (91 Me. 31): A shipment C. O. D. means to " deliver upon payment of the charges due the seller for the price, and the carrier for the carriage of the goods."

In Hutchinson on Carriers (3d ed. § 726) the duty of the carrier of C. O. D. goods is thus defined: " Goods are frequently sent, especially by the express carrier, with instructions not to deliver them until they are paid for. In such cases, it is understood that the payment of the price and the delivery of the goods are to be concurrent acts. The carrier who accepts the goods with such instructions undertakes that they shall not be delivered unless the condition of payment be complied with, and becomes the agent of the shipper of the goods to receive such payment. He therefore undertakes, in addition to his duties as carrier, to collect for the consignor the price of his goods." And in section 727 the same text-writer says: " However this may be, when the goods are so received, the carrier is held to a strict compliance with such instructions, and if the goods are delivered without an exaction from the consignee of the amount which the carrier is instructed to collect, he becomes liable to the consignor for it."

In *United States Express Co.* v. *Keefer* (59 Ind. 263) the court said: " Where, as in this case, the goods are marked ' C. O. D.' the contract of the common carrier, in connection therewith, is not only for the safe carriage and delivery of the goods to the consignee, but he fur-

ther contracts with the consignors, that he will ' collect on delivery ' and return to the consignors the charges on said goods." It thus seems that the carrier of goods transported C. O. D. is obliged to collect the money from the consignee on or before delivery of the goods to him. In the case at bar Ullman obtained the goods from the defendant without paying the defendant anything whatever, but merely by delivering to the defendant carrier a check which afterwards proved to be worthless.

This action is not brought by the plaintiff to recover the value of the goods delivered to Ullman without payment therefor. The plaintiff is suing for the moneys which the defendant should have collected from the consignee and which should have been in turn delivered to the plaintiff. The gravamen of this action is to recover because of the defendant's failure to obey its instructions received from plaintiff and to fulfill its contract to collect the amount aforesaid before delivery of the goods to the consignee. The respondent relies upon the case of *Rathbun* v. *Citizens' Steamboat Co.* (76 N. Y. 376) as authority for its contention that by receiving the purported check the plaintiff ratified its acceptance by defendant from Ullman. As a matter of fact the plaintiff did not accept such check, but on the day it was received returned it to the defendant and demanded the sum of money which the plaintiff had imposed as a condition for the delivery of the goods to the consignee. In *Rathbun* v. *Citizens' Steamboat Co.* (*supra*) Chief Judge CHURCH, writing for the unanimous Court of Appeals, said: " The plaintiffs in New York consigned to one Van Alstyne articles of personal property, and forwarded the same by defendant marked ' C. O. D., $94.28.' It was in effect evidently intended as a sale by plaintiffs to Van Alstyne of the property, the price payable on delivery. The defendant undertook to deliver the property and collect the money, and return it to the plaintiffs. The defendant accepted a check of Van Alstyne on a Troy bank, payable to the order of the plaintiffs, and delivered it to the plaintiffs who accepted it, and transmitted it for collection, and it was returned protested. There is no dispute but that the defendant would have been liable if the plaintiffs had refused to accept the check, or had accepted it in a qualified manner, but the question is whether the unconditional acceptance of the check did not amount to a waiver of the requirement to collect the money or a ratification of the act of receiving the check in lieu of the money."

In the case at bar there was no acceptance of the check and no waiver of the requirement that collection be made by the defendant at or before delivery of the goods to Ullman. The case of *Rolla Produce Co.* v. *American Railway Express Co.* (205 Mo. App. 646; 226

S. W. 582) is directly in point.   In that case the plaintiff sought to recover from the carrier the sum of $1,000 on a C. O. D. contract because of defendant's delivery to the consignee of a quantity of goods shipped C. O. D. without collecting the amount of the consignee as required by the terms of the contract.   In that case the court said: " We need not discuss at length the nature of the liability incurred by a carrier who delivers goods to the consignee without collecting the amount specified in the C. O. D. contract.   Even if such carrier can be sued in conversion, as some authorities hold, the obligation arises from contract and the amount of recovery is the contract amount and not the value of the property. [*Fowler Comm. Co.* v. *Chicago, R. I. & P. R. Co.,* 98 Mo. App. 210; 71 S. W. 1077; 2 Hutchinson on Carriers, 3d ed., sec. 728.]   The carrier becomes the collecting agent of the shipper and guarantees such collection in case the goods are delivered."

A shipment C. O. D. of goods contemplates that the carrier will collect the amount specified in cash and if a check is accepted in lieu thereof, it is done at the peril of the carrier.   (1 Clark & Skyles Law of Agency [1905 ed.], 904.)   In *Ward* v. *Smith* (74 U. S. 447, 451) Mr. Justice Field of the Supreme Court of the United States wrote: " The agency extends no further, and without special authority an agent can only receive payment of the debt due his principal in the legal currency of the country, or in bills which pass as money at their par value by the common consent of the community. *   *   *   That the power of a collecting agent by the general law is limited to receiving for the debt of his principal that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par, is established by all the authorities."

I think the answer of the defendant and the affidavits in opposition to the plaintiff's motion do not raise any arguable issue requiring its presentation to a jury.   This seems to be a perfectly plain case where goods were intrusted by plaintiff to defendant for delivery to a consignee in New York city C. O. D. upon payment of a sum specified.   The goods were delivered, but payment of said sum was not exacted.   In lieu of such payment the consignee offered and the defendant accepted a paper purporting to be a certified check, but which, upon investigation, was found to be a forgery and worthless. Under such circumstances the defendant violated its contract with the plaintiff, not only to deliver the goods in question, but upon delivery and, as a condition thereof, to collect the sum specified from the consignee.   Having failed to keep its contract no good reason appears why the plaintiff should not have judgment for the sum indicated, with interest and costs.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.