ROBERT A. CHANING, Plaintiff, *v.* RIDDLE AVIATION COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, March 2, 1953.

*Seymour L. Morse* for plaintiff.

*Benedict Ginsberg* for defendant.

ALTER, J. This is an action brought by the plaintiff against the defendant to recover the sum of $375.88 as damages for breach of contract to deliver merchandise C.O.D. and to collect cash in the sum of $375.88.

The answer consisted of a general denial and a separate and distinct defense alleging custom and usage and ratification and waiver.

The conceded facts are these: Plaintiff in New York delivered to defendant, in New York, which is a common carrier, three cartons of piece goods to be delivered to a buyer in Florida; the merchandise was shipped C.O.D., and the amount to be collected was $375.88. The goods were in due course delivered to the consignee in Florida but the defendant accepted a check instead of cash from the consignee. This check was made out to the order of the plaintiff. The defendant's agent in Florida sent this check to the plaintiff in New York. The plaintiff deposited this check to his account but it was thereafter returned by the bank with the indorsement stamped " Payment Stopped."

The plaintiff now sues the defendant on the theory that the carrier, by the acceptance of a check as a substitute for cash, violated its contract with the plaintiff to accept cash only and consequently the defendant must be held liable for its breach.

An express company, or other carrier, receiving merchandise on a C.O.D. basis, acts in two capacities, as a bailee to transfer the goods to the consignee and as agent to collect the price. For breach of its duty as bailee to carry and deliver to the person and on the conditions stated by the shipper, it is liable, as in the case of any other misdelivery, for the value of the goods; for breach of its duty to act as agent for the shipper in the collection of the price, it is liable, for whatever could have been collected if the duty had been fulfilled. The law is settled that, in the absence of agreement or custom to the contrary, an agent to collect may accept money and nothing else (*Mogul* v. *Lavine*, 247 N. Y. 20).

It has also been said that a shipment C.O.D. of goods contemplates that the carrier will collect the amount specified in cash, and, if a check is accepted in lieu thereof, it is done at the peril of the carrier (*Mogul* v. *Lavine*, 220 App. Div. 287, revd. on other grounds, 247 N. Y. 20, *supra*).

There can be no dispute but that the defendant would have been liable if the plaintiff had refused to accept the check or

had accepted it in a qualified manner, but the question is whether the unconditional acceptance of the check did not amount to a waiver of the requirement to collect the money or a ratification of the act of receiving the check in lieu of the money.

The plaintiff concedes that he accepted the check and deposited it but he says that before depositing it he called up the defendant's New York office and spoke to a Mr. Ahlers about this check and Mr. Ahlers said that the plaintiff should use this check and if there was any trouble, that the defendant would make good. Mr. Ahlers denied such a conversation and furthermore the plaintiff offered no substantial proof to the effect that Mr. Ahlers had the power and authority to act on behalf of the defendant. Consequently, I must disregard the plaintiff's claim that he accepted the check conditionally.

True, the defendant had done an act which would fix a liability upon it for the amount if the plaintiff had so elected, but it was competent for him to waive the strict performance of this part of the contract.

A waiver has been defined to be the intentional relinquishment of a known right; it is voluntary and implies an election to dispense with something of value, or forego some advantage which the party waiving it might at its option have demanded or insisted upon (*Clark* v. *West,* 193 N. Y. 349).

In *Clark* v. *West* (*supra,* p. 361) the Court of Appeals said: '' As already said, the doctrine of waiver is to relieve against forfeiture; it requires no consideration for a waiver, nor any prejudice or injury to the other party.''

This court is of the opinion that the acceptance of the check by the plaintiff from the defendant was a ratification of the defendant's wrongful act.

It has been held that ratification implies a knowledge of the circumstances and of the right to reject or ratify. (*King* v. *MacKellar,* 109 N. Y. 215, 223.) In the case at bar, the plaintiff knew that the defendant had wrongfully accepted a check instead of cash, yet he accepted this check unconditionally, and so it can be said that he ratified the wrongful act of the defendant.

A case that is on all fours with the case at bar is the case of *Rathbun* v. *Citizens' Steamboat Co.* (76 N. Y. 376). There, the Court of Appeals said: '' The defendant received this check as money; it was optional with the plaintiffs to receive it as such, or not. It was delivered to them as such. The only rational construction of the transaction if put in language, is, that the defendant said I delivered your property, and took this check

instead of money, will you receive it as such? to which the plaintiffs assented, and accepted it. * * * True, the defendant had done an act which would fix a liability upon it for the amount if the plaintiffs had so elected, but it was competent for them to waive the strict performance of this part of the contract. * * * By an unqualified acceptance they gave the carrier to understand that they adopted his act.'' (Pp. 378–380.)

Plaintiff cites the case of *Mogul* v. *Lavine* (*supra*), in support of his contention that the defendant is liable. In the cited case, there was no acceptance of the check and no waiver of the requirement that collection be made by the defendant at or before the delivery of the goods to the consignee. In that case the plaintiff, immediately upon the receipt of the check from the defendant, returned it by letter to the defendant. In the case at bar, the court does not find any return of the check nor does it find that the plaintiff accepted the check conditionally.

The circumstances in this case are capable of one construction, and that is, that the plaintiff adopted and ratified the act of the defendant carrier, by his unqualified acceptance of the consignee's check.

Judgment for defendant on the merits.