■ FREEDMAN & SLATER, INC., Respondent, v. GREAT LAKES FORWARDING CORP., Appellant.— Order and judgment unanimously reversed upon the law, with costs to the appellant, the plaintiff's motion for summary judgment is denied and the defendant's cross motion for summary judgment is granted, with $10 costs, and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs. While there is considerable force to the argument that plaintiff's rights against defendant accrued at the time of the breach (acceptance of the uncertified check), and that consequently plaintiff had the right, even perhaps the duty, to deposit the check and thus possibly avoid damage, we feel constrained nevertheless, to hold that plaintiff, on the facts of this case, may not have judgment in view of *Rathbun* v. *Citizens Steamboat Co.* (76 N. Y. 376) decided by the Court of Appeals in 1879. There it was held that the plaintiff — by depositing a check which had been accepted by the defendant carrier contrary to instructions to accept only cash — ratified

the acceptance of the check, thus waiving any claim against the defendant. In *Joseph Mogul, Inc.* v. *C. Lewis Lavine, Inc.* (220 App. Div. 287, revd. 247 N. Y. 20 on other grounds), we recognized the law to be as stated in *Rathbun* but held that case inapplicable on the facts. If the present case were one of first impression we would be inclined to hold that the deposit by plaintiff of the check did not constitute a ratification so as to deprive plaintiff of the right to recover against defendant for the latter's breach of agreement. (See Ann. 15 A. L. R. 2d 812–819, particularly with respect to ratification.) However the principle involved in this case would appear to be the same as in *Rathbun* and since the latter apparently has not thus far been overruled, we consider it controlling. The complaint is therefore dismissed. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.