Louis B. Heller, J.
Defendant, Elizabeth Schechter, moves for leave to enter a money judgment against the plaintiff in the sum of $6,500, allegedly constituting arrears in alimony pursuant to a judgment of divorce.
Prior to the instant divorce action, Elizabeth Schechter instituted an action for a legal separation against her husband, Leonard Schechter, in the Supreme Court, New York County. In said action an agreement was entered into which provided, inter alia, that Leonard would pay Elizabeth $618 per month alimony while she resided in the matrimonial domicile, a house in Long Island owned by Leonard and that she would vacate the premises on or before May 1, 1972 at which time the alimony would be increased. A judgment of separation was granted in favor of Elizabeth on September 7, 1971. However, she did not move on the agreed date and applied to the court for an extension of time. On July 8, 1972 *553 a modification order was granted extending her time to vacate the premises to August 1, 1972 and upon removal, the monthly alimony was increased to $1,068. All this was agreeable with Leonard.
Thereafter, Leonard commenced the above-entitled action for divorce against the defendant Elizabeth in this court based upon the aforesaid separation. A judgment of divorce was granted in his favor on February 8, 1973. The decree provided for the same alimony, i.e., $1,068 per month.
There is no issue herein concerning Leonard’s good faith and promptness in making the payments. The impasse herein arose on the day Elizabeth moved out. Upon removal she practically cleaned out the house, taking the furniture from the living room, bed rooms, guest and den rooms, piano, T.V., paintings, silverware, linens and other personalty. On July 13, 1973, plaintiff Leonard sent a letter to defendant to the effect that she had no right or authority under the divorce decree or otherwise to remove these articles when she vacated the premises; that he valued the property unlawfully removed at $12,000 but would hold her accountable for only one half or $6,000, payable in a lump sum or $500 per month until repaid. Plaintiff asked defendant to reply to his letter by July 31. Defendant did not reply. In addition to the afore-stated sum, plaintiff alleges that defendant charged him with purchases at various department stores in excess of $500 after he was paying her alimony, for which he asks reimbursement.
When defendant ignored plaintiff’s letter, plaintiff took the initiative and deducted $500 from each monthly check commencing September, 1973 until the sum of $6,500 was reached. He then resumed the regular payments. Defendant accepted the checks, without protest, until she decided to bring the instant motion for a judgment for $6,500.
It is significant that the defendant herein has not submitted any affidavit or reply to contradict the factual allegations set forth by the plaintiff. Accordingly, for the purposes of this motion, what plaintiff states is accepted as true, and this applies as well to the valuation of $12,000 which plaintiff places upon the articles defendant removed.
Upon examination of the affidavits and exhibits, and upon the factual pattern presented herein, defendant’s motion to enter a judgment against the plaintiff for alleged arrears in alimony is denied in all respects. It is an old axiom that one who seeks equity must do equity. Nowhere in the separation *554 agreement or divorce decree is there any provision for the removal of the personal property by the defendant or is there any authority to charge plaintiff for the purchases made by the defendant. Defendant may not stand on the agreement on the one hand and disregard it in other respects just to suit her fancy. Moreover, defendant received and accepted plaintiff’s checks without protest for 13 months, each being $500 less than the alimony decreed, after receiving the covering letter from plaintiff fully explaining the deductions. In the circumstances, defendant by her own conduct, precluded herself from the relief she seeks herein, whether it be under the theory of waiver and estoppel or accord and satisfaction (see Carlton Credit Corp. v Atlantic Refining Co., 12 AD2d 613, affd 10 NY2d 723; Freedman & Slater v Great Lakes Forwarding Corp., 7 AD2d 978).