Norman C. Ryp, J.
What’s in a "C.” in C.O.D? "Cash”, say the consignor-shipper and the English. "Check”, say the carrier and its tariff. "Collect”, say Americans (Black’s Law Dictionary) and the New York courts (Joseph Mogul, Inc. v C. Lewis Lavine, Inc., 220 App Div 287, 290, revd on other grounds 247 NY 20).
In this commercial nonjury action, the basically uncontroverted facts are that: plaintiff ("shipper”) originally commenced two concurrent causes of action, each for damages to recover the sum of $983.82 (exact amount of shipper’s invoice total and tendered consignee’s check) from defendant ("carrier”) in accepting an allegedly "stale and altered check in payment for a C.O.D. shipment on or about the 7th day of February, 1974.” Carrier collected, on delivery, a check, dated February 7, 1973; with the bottom, below the signature line and including the computerized account number, clearly and unevenly cut off and the account number typed in above; and consignee-drawer’s address typed in as "P.O. BOX 9251, Pomona, Calif.” instead of the invoiced "344 N. Azusa Ave., West Pomona Calif. 91751.” This check was returned to shipper, which accepted same from carrier and deposited for collection, as "unable to locate account.” Equally unbeatable was the consignee with the C.O.D. shipment, after receipt from carrier.
The first cause of action for negligence was tried by this court, without a jury. The second cause of action for breach of contract was discontinued,, with prejudice, upon shipper’s motion, at the outset of trial, ¿ranted by this court without any opposition from carrier. In its answer, carrier interposed a general denial and two cúmplete affirmative defenses: (1) delivery of subject shipment in compliance with its agreement with shipper; and (2) ratifeation of carrier’s act by acceptance *44 of consignee’s check for payment. At trial, carrier rested after completion of shipper’s case, when the parties made the usual trial motions and waived findings of facts and conclusions of law.
It is clear that current New York law would have precluded shipper’s recovery for breach of contract for its ratification of carrier’s act by acceptance and deposit for collection of consignee’s year-old check, apparently altered, and returned as "unable to locate account.” (See Rathbun v Citizen’s Steamboat Co. of Troy, 76 NY 376; followed in Channing v Riddle Aviation Co., 203 Misc 844; more recently in Compuknit Ind. v Mercury Motors Express, 72 Misc 2d 55; and most recently in Superex Electronics Corp. v United Parcel Serv., Civ. Ct., N. Y. County, Index No. 7987/1975 [Stadtmauer, J.]; and Silver Creations v United Parcel Serv. 133 NJ Super 543.)
However, plaintiff shipper’s tried cause of action is based upon negligence and not barred by any subsequent ratification by acceptance of a check, visibly and patently stale (Uniform Commercial Code, § 4-404) and altered on its face so, in effect, a worthless piece of paper, not fiscally revivable and collecting nothing. (Joseph Mogul, Inc. v C. Lewis Lavine, Inc., 247 NY 20 [Cardozo, Ch. J.]; see Freedman & Slater v Great Lakes Forwarding Corp., 7 AD2d 978, 979, which expressed definite doubt and a contrary holding [based upon right, if not duty to avoid damages] about the 1879 Rathbun decision.) This court takes judicial notice that 1879 was one year after opening of the first commercial telephone exchange (January 28, 1878, New Haven, Conn.) and predated the following inventions and development thereof: automatic and radio telephone (1891, 1902, 1906); wireless telegraph (1896); radio receiver and transmitter (1913-1914); radio signals (1895); teletype (1928); phototelegraphy (1925); iconoscope and electronic television (1923, 1927) and the entire transcontinental telecommunications and computer technological revolution over the past 50 years. (See The World Almanac & Book of Facts [1976], p 807 et seq.) Surely, such modern technology in February, 1974, imposed a duty upon defendant, a well-known and highly regarded interstate motor carrier, with national facilities to contact shipper before acceptance of a patently stale and altered check and delivery of subject C.O.D. shipment. It was only carrier (not shipper) who had sole custody and control to relinquish possession of subject C.O.D. shipment at the moment of unauthorized acceptance of such check that was, on *45 its face, stale and altered. The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation. (Palsgraf v Long Is. R. R. Co., 248 NY 339, 344 [Cardozo, J.].) While the parties’ original relation was conceived in contract, whose duties are based upon intention, American courts have extended tort liability for misfeasance, as herein, to virtually every type of contact where defective performance injures the promisee, i.e., an agent collecting upon a note. (See Prosser, Law of Torts [4th ed], § 92, pp 613-621.) A carrier receiving a C.O.D. shipment is not only a bailee to transport goods but also an agent to receive or collect the price. (See Joseph Mogul, Inc. v C. Lewis Lavine, Inc., supra p 22.)
Since carrier’s February 7, 1974 negligent act occurred prior to September 1, 1975, this court cannot apportion negligence under the recently enacted New York State of comparative negligence, if applicable (CPLR 1411-1413; L 1975, ch 69, eff Sept. 1, 1975).
Thus, the court finds, in fact and law, that plaintiff shipper has sustained its burden of proof, by a fair preponderance of the credible evidence, upon its first cause of action in negligence.
Accordingly, plaintiff, American Machinery & Motor Co., may enter judgment in the sum of $983.42, against defendant, United Parcel Service, together with the costs and disbursements of this action.