OPINION OF THE COURT
Jose Ramos-Lopez, J.
Defendant moves for summary judgment dismissing plaintiff’s cause of action on grounds that plaintiff does not possess a cause of action against it, and there exists no issues of fact or law.
Plaintiff contracted defendant to deliver certain packages with instructions to collect from the consignee, upon delivery, the sum of $1,136.85 by cash or certified check. Defendant, upon delivery, picked up from the consignee five money orders in the denomination of $150 each, and cash. The moneys were tendered to plaintiff which were accepted by plaintiff and deposited in its bank account. The money orders were dishonored and plaintiff commenced the instant action to recover the sum of $750, representing the value of the money orders.
It is well established in this jurisdiction that the unqualified and unconditional acceptance by plaintiff of the *1025 money and deposit of same for collection is a ratification and adoption of the carrier’s act, though inconsistent with the shipping instructions, and releases the carrier from liability. (Rathbun v Citizens’ Steamboat Co., 76 NY 376; Compuknit Inds. v Mercury Motors Express, 72 Misc 2d 55.)
In the instant case, the instructions on the shipping tags unequivocally instructed defendant to pick up the money by cash or certified check. Defendant could be held liable if plaintiff conditionally accepted the money orders or had refused to accept them. Defendant would have breached the terms of the shipping agreement. But that is not the case here.
Plaintiff, by its unconditional acceptance of the money orders and deposit of same for collection, ratified defendant’s act, even though inconsistent with the shipping instructions, and released defendant from its contractual obligations under the terms of the shipping agreement. Plaintiff by adopting defendant’s act assumed all responsibility and risk inherent in the collection of the notes. (Rathbun v Citizens’ Steamboat Co., supra). Plaintiff protested to defendant after it ratified defendant’s act, when its bank returned the money orders, dishonored. The shipping contract between the parties had terminated at that time and defendant was released from the terms of the agreement.
Plaintiff urges that the instant case falls within the ruling in American Mach. & Motor Co. v United Parcel Serv. (87 Misc 2d 42). In that case, the court found the carrier liable, under the theory of negligence, in accepting a visibly stale and altered check which was accepted and transmitted for collection by the shipper.
The facts in the American Mach, case are unique and differ substantially from the facts herein, and its findings cannot be applied as a blanket rule for cases of this type.
Plaintiff’s contention that the money orders in issue on its face were “worthless papers” as a basis to persuade the court to apply the ruling in the American Mach, case is without merit and unsupported by the evidence of this case.
In support of its contention, plaintiff urges that the money *1026 orders were undated. A perusal of the copies of the subject money orders clearly show that they are dated and were issued on September 9, 1979.
Plaintiff further urges that the money orders were issued in a State other than the State of consignment.
The evidence shows that the money orders were issued by Munford, Inc., through its branch located in Atlanta, Georgia. The evidence further reflects that Munford, Inc., is a large national corporation listed on the New York Stock Exchange with 1,300 “majik markets” operating in 14 States and with assets of $128, 260,000 as of January 3, 1980.
The court finds that the maker of the money orders in issue was a well-known, national corporation and the fact that the money orders were not issued at Indianapolis, Indiana, the State of consignment, is irrelevant to the issues herein.
The court further finds that there appears to be no visible sign on the face of the money orders to show that they are not valid or uncollectible. To the contrary, the notes appeared to be valid on its face.
Based on the foregoing, defendant’s motion for summary judgment is, accordingly, granted, dismissing plaintiff’s cause of action against it with prejudice, and with costs.