OPINION OF THE COURT
Edward H. Lehner, J.
The motion by defendant for summary judgment is granted, and the clerk shall enter judgment dismissing the complaint.
The tariff filed by defendant with the Interstate Commerce Commission provides that it may accept a cashier’s check where the shipper has indicated "cash only” and that the risk of nonpayment and forgery is on the shipper. Since the shipper is bound by the terms of the filed tariff, even without knowledge or notice of the terms thereof, defendant is not liable to plaintiff when it developed that the cashier’s check, which appeared valid on its face, had been forged. (Norca *434 Corp. v Pilot Frgt. Carriers, 63 Misc 2d 684; Jackson & Perkins Co. v Mushroom Transp. Co., 351 Pa 583, 41 A2d 635, cert denied 326 US 733.)
Moreover, the depositing of the check by plaintiff constituted an acceptance thereof, and thus a ratification of defendant’s act of not requiring payment by cash. (Rathbun v Citizens’ Steamboat Co., 76 NY 376; Compuknit Indus. v Mercury Motors Express, 72 Misc 2d 55.)
The case of Joseph Mogul, Inc. v C. Lewis Lavine, Inc. (220 App Div 287), relied upon by plaintiff, is inapposite as there the shipper returned the check received from the carrier and demanded cash as required under the C.O.D. terms of shipment.
Lastly, plaintiff does not offer any facts to show any negligence on the part of defendant in accepting the cashier’s check.