*36 OPINION OF THE COURT
Louis B. York, J.
Defendant United Parcel Service (UPS) moves that it be dismissed from this action. Initially, we note that plaintiff Leather Facts, Inc. has responded to this motion solely with its attorney’s affirmation and attached exhibits. The attorney has no personal knowledge of the facts of the case, which he sets forth in his affirmation. The appropriate party to attest to the facts is, quite clearly, plaintiff itself. (Zuckerman v City of New York, 49 NY2d 557, 563 [1980].) The attorney, however, may respond to defendant’s legal arguments regarding the case, and this court may consider this affidavit on that basis. With this limitation in mind, we turn to UPS’ motion to see if it is sufficient to support a grant of summary judgment.
Plaintiff is suing both UPS and Clementine T. Foy to obtain money for goods it shipped to Foy through UPS. At the time of the shipment, UPS accepted several certified checks from Foy on behalf of plaintiff, and then transferred the checks to plaintiff. Plaintiff accepted and deposited the checks — which appeared on their faces to be valid — without protest. However, the bank issuing the checks cancelled the certification and returned the checks, apparently because the checks were forged. It was at that point that plaintiff instituted this lawsuit, naming both Foy and UPS as defendants. Plaintiff argues that UPS is liable to it based on breach of contract and negligence.
UPS argues that, as it delivered a certified check to plaintiff, it fulfilled its obligations and cannot be held liable for plaintiff’s loss. Plaintiff, however, counters that UPS did not fulfill its obligation to deliver a certified check because the certification was invalid, and that, as UPS’ conduct failed to satisfy the contract, it cannot now insulate itself from liability based on its terms.
Plaintiff’s arguments based on breach of contract must fail. For, in this situation, plaintiff accepted and deposited the checks without expressing any objection. Plaintiff’s action constituted a ratification of UPS’ acceptance of the checks. (Domani Jewelers v United Parcel Serv., 147 Misc 2d 433, 434 [Sup Ct, NY County 1990].) Following this unqualified acceptance, plaintiff lost its right to sue UPS for breach of contract. (See, Rathburn v Citizens’ Steamboat Co., 76 NY 376, 380 [1879].) To preserve whatever rights it had against UPS under the contract for the alleged breach, plaintiff would have had *37 to make a conditional acceptance or refuse the checks altogether. (See, Only Guitar Shop v United Parcel Serv., 1990 Fed Carr Cas [CCH] ¶ 83,521 [Sup Ct, Saratoga County 1988].) Accordingly, I dismiss the fifth cause of action, which alleges breach of contract by UPS.
I also dismiss the other cause of action asserted against UPS — the sixth cause of action, which alleges negligence on the part of UPS. Although New York courts have not addressed the subject often, at least one court has held that the subsequent ratification of a carrier’s action by the shipper’s unconditional acceptance does not abrogate the shipper’s right to sue the carrier for negligence. (American Mach. & Motor Co. v United Parcel Serv., 87 Misc 2d 42, 44 [Civ Ct, NY County 1976] [American Machinery].) We agree with the American Machinery court and with courts outside this jurisdiction (see, e.g., National Diamond Syndicate v United Parcel Serv., 897 F2d 253 [7th Cir 1990]) that permit an action grounded in negligence. Where, as here, the certifications were facially valid, UPS was not negligent in accepting the checks and plaintiff has no case against it. (See, Transfer Prods. Co. v United Parcel Serv., 105 Misc 2d 1022, 1023-1024 [Civ Ct, NY County 1980] [refusing to apply American Machinery where money orders were facially valid].)
On these facts, then, plaintiff has no cause of action against UPS. Therefore, I grant UPS’ motion to dismiss it from this case.