■ GIVOLDI, INC., Respondent, v UNITED PARCEL SERVICE, Appellant. [729 NYS2d 25] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 11, 2001, which denied defendant's motion to dismiss the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff Givoldi, Inc. received orders for certain merchandise on nine separate occasions from non-party La Moda Designs International between May 29, 1997 and December 1, 1997. After the receipt of each order, plaintiff entered into a cash on delivery (COD) shipping agreement with defendant United Parcel Service for shipment of the merchandise from plaintiff's New York offices to La Moda's Chicago, Illinois offices. Defendant, however, upon each delivery, accepted a postdated check drawn on the account of Amica Industries, Inc., whose relationship to La Moda was unknown. Defendant thereafter forwarded the checks to plaintiff, which accepted them unconditionally and attempted to negotiate them. The checks were subsequently returned for insufficient funds and this action for breach of contract and negligence ensued.

Initially, we reject defendant's argument that plaintiff's claims are preempted by Federal law as such argument was improperly raised for the first time in defendant's reply brief (*Staltare v D & B Distribs.*, 281 AD2d 469; *Ginsberg v Rudey*, 280 AD2d 267, *lv denied* 96 NY2d 711). That argument, in any event, is without merit (*AIT Intl. v Federal Express Corp.*, 278 AD2d 439).

With regard to plaintiff's breach of contract cause of action, it has long been established that a shipper's unqualified and unconditional acceptance of a check that was collected by its carrier in payment for merchandise, contrary to the shipping instructions to accept "cash only," ratifies the carrier's conduct, and the shipper thereby waives any claim it may have had against the carrier for breach of contract (*Rathbun v Citizens' Steamboat Co.*, 76 NY 376; *Freedman & Slater v Great Lakes Forwarding Co.*, 7 AD2d 978; *see also, Silver Creations v United*

*Parcel Serv.*, 133 NJ Super 543, 337 A2d 641). Plaintiff's breach of contract claim must, therefore, be dismissed.

Plaintiff's cause of action sounding in negligence must also fail. It is settled that a claim arising out of an alleged breach of contract, here, the shipping agreement, may not be converted into a tort action absent the violation of a legal duty independent of that created in the contract (*Rothberg v Reichelt*, 270 AD2d 760; *Roklina v Skidmore Coll.*, 268 AD2d 765, *lv denied* 95 NY2d 758). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). In this matter, defendant owed plaintiff no duty absent that created by the shipping agreement. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.