■ POLAR INTERNATIONAL BROKERAGE CORP. et al., Respondents, v BENJAMIN RICHMAN et al., Appellants. [737 NYS2d 79] —Order, Supreme Court, New York County (Barry Cozier, J.), entered May 5, 1999, insofar as it denied defendants' motion for summary judgment dismissing the first, second, and third causes of action, unanimously modified, on the law, to grant defendants summary judgment dismissing the third cause of action, and otherwise affirmed, without costs. Order, same court and Justice, entered November 24, 2000, which, upon the grant of partial reargument, adhered to the prior determination granting plaintiffs partial summary judgment as to liability on their first cause of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 17, 2000, which, to the extent appealed from, denied defendants' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

In this dispute between insurance brokers, the motion court properly granted plaintiffs partial summary judgment as to liability on their first cause of action alleging the violation by defendants Richman and Meadowbrook-Richman, Inc. (MRI) of their noncompetition agreement with plaintiffs. Although Richman and MRI contend that plaintiffs breached the agreement

containing the subject noncompete provision and that, as a consequence, they were released from their promise not to compete, they failed to submit sufficient proof to raise a triable issue as to whether plaintiffs did in fact breach the agreement. Nor is there merit to the Richman defendants' contention that the noncompete clause at issue was no longer in force at the time of their admitted solicitation of clients whose solicitation by them fell within the agreement's prohibition. The unambiguous contract terms reflected the parties' intent to have the noncompete clause in effect through May 31, 1999, a period covering the solicitations complained of by plaintiffs.

However, summary judgment should have been granted dismissing plaintiffs' third cause of action, purportedly for tortious interference with prospective economic advantage, against each of the defendants. Plaintiffs' claim that defendants MRI and Richman wrongfully interfered with their prospective economic advantage by offering new business to plaintiffs' competitor Total Dollar, rather than to plaintiff Polar, is properly premised upon defendants' obligations arising from the parties' 1994 agreement, and thus is not properly asserted as a tort claim (*see*, *Givoldi, Inc. v United Parcel Serv.*, 286 AD2d 220). As for the allegations concerning Richman's misappropriation of an insurance dividend check payable to plaintiff Polar's client, Furman & Furman, plaintiffs failed to rebut, through admissible evidence, defendants' showing that Richman's conduct amounted to no more than a promptly corrected, inadvertent error. With respect to defendant Total Dollar, the evidence that it assisted in the solicitation of plaintiff Polar's clients was insufficient to raise a question of fact as to whether Total Dollar had employed wrongful means with the sole objective of harming plaintiffs, and, accordingly, there existed no grounds to sustain the claim for interference with prospective economic advantage as against Total Dollar (*see*, *Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300).

We have considered defendants' remaining arguments and find them unavailing. Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.