## Raymond v New York City Tr. Auth.

2024 NY Slip Op 31698(U)

May 14, 2024

Supreme Court, New York County

Docket Number: Index No. 160949/2017

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. RICHARD TSAI**                    PART                    21

*Justice*

-----------------------------------------------------------------------------X

DIANA RAYMOND                                          INDEX NO.             160949/2017

                              Plaintiff,              MOTION DATE           11/17/2023

            - v -                                     MOTION SEQ. NO.          005

NEW YORK CITY TRANSIT AUTHORITY,                      **DECISION + ORDER ON
                                                           MOTION**
                              Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 67-89

were read on this motion to/for                    JUDGMENT - SUMMARY                  .

In this action, plaintiff Diana Raymond alleges that she lost her balance and fell while walking down a staircase in the subway, due to an alleged loose "metal area" on a step. Defendant New York City Transit Authority now moves for summary judgment dismissing the complaint, on the ground that it did not have actual or constructive notice of that condition. Plaintiff opposes the motion.

## BACKGROUND

Plaintiff Diana Raymond alleges that, on either September 22, 2016 or September 26, 2016, [1] at approximately 5:40 PM, she tripped and fell while descending staircase S1 inside the subway station at 47th-50th Streets-Rockefeller Center, in Manhattan. Defendant New York City Transit Authority admits that it "operated, maintained and inspected" this subway station (see Defendant's Exhibit C [NYSCEF Doc. No. 40], verified answer ¶5).

At plaintiff's statutory hearing, plaintiff stated that the incident occurred around 5:30 PM on September 22, 2016 (statutory hearing tr at 24, line 24; at 25, lines 3-10). According to plaintiff, she was descending the S1 staircase when she lost her balance due to a loose "metal

---

[1] According to the complaint, the incident occurred on September 22, 2016 (*see e.g.* Defendant's Exhibit B [NYSCEF Doc. No. 72], complaint ¶¶ 15-16). At the statutory hearing, plaintiff similarly testified that the incident occurred on September 22, 2016 (*see* Defendant's Exhibit F [NYSCEF Doc. No. 76] [statutory hearing tr] at 24, lines 22-24).

However, the notice of claim and bill of particulars state the incident occurred on September 26, 2016 (*see* Defendant's Exhibit A [NYSCEF Doc. No. 71], notice of claim ¶ 3; *see* Defendant's Exhibit D [NYSCEF Doc. No 74], bill of particulars ¶ 2). At her deposition, plaintiff testified that the incident occurred on September 22, 2016, but then changed her answer to September 26, 2016 (*see* Defendant's Exhibit G [NYSCEF Doc. No. 77], Raymond EBT at 9, lines 21-25; at 10, lines 2-11).

On this motion, plaintiff asserts the incident occurred on September 22, 2016 (*see* affirmation of plaintiff's counsel in opposition [NYSCEF Doc. No. 85] ¶ 6).

**160949/2017   RAYMOND, DIANA vs. NEW YORK CITY TRANSIT**                    **Page 1 of 5**
  **Motion No.  005**

1 of 5

[* 1]

area" on a step, which was the fourth step from the bottom of the staircase (*id.* at 31, lines 7-15; at 32, lines 1-2). Plaintiff explained that the fourth step from the bottom was "shaky," because "the screws are not into the plate so it is like up so when you, it threw me off and I lost balance and I went down" (*id.* at 35, lines 15-23). Plaintiff stated that she noticed the screws were missing after the accident (*id.* at 36, lines 1-6).

At plaintiff's deposition, plaintiff stated that, when she put her foot on the step, "I felt, I felt like it was like a gap, like between the metal and the concrete. I felt I heard a pop when my foot went down, it go boom, and I lost my balance" (Raymond EBT, at 67, lines 9-13; at 74, lines 9-19). After she fell, plaintiff observed the screws were missing with her own eyes (*id.* at 70, lines 13-22). Plaintiff stated that her work colleague saw the missing screws, but plaintiff she didn't see them before her accident (*id.* at 80, line 6-13).

During discovery, defendant produced a Service Call Report for period September 22, 2014 to September 22, 2016, and a "Production by Station and Date Structure report" (Defendant's Exhibit I [NYSCEF Doc. No. 79]; *see also* Plaintiff's Exhibit 1 in opposition [NYSCEF Doc. No. 86]).[2]

Frank Blandina, a structure maintainer E employed by defendant, testified that he conducted the records search (Defendant's Exhibit H [NYSCEF Doc. No 78], Blandina EBT at at 7; lines 22-25; at 8, lines 2-8; at 9, lines 5-6; at 10, lines 3-7).

Blandina testified as follows: the content of the Service Call Report is one that is "strictly called in from an employee of that station with a potential tripping hazard to the general public" (Blandina EBT at 11, lines 2-5). This report includes a service call ticket number identified on the report as "SC" (*id.* at 16, line 25; at 17, lines 1-9). This report includes a "job site" which identifies the specific location within the station about which a complaint has been made (*id.* at 18, lines 7-10). This report includes a "complaint" which explains the specific problem giving rise to the complaint (*id.* at 18, lines 11-14). Each service call ticket number is assigned a priority category, category A is the highest priority and must be resolved within 24 hours, B within 30 days, C within 60 days (*id.* at 13, lines 17-15; at 14, lines 1-5). The "complete" date on the report referred to the date that specific job was supposed to be done (*id.* at 19, lines 2-4).

Regarding the S1 staircase, the Service Call Report contains the following entries:

- On November 23, 2014, a priority A complaint at the S1 staircase stating "TREAD, CAST IRON – Loose – INSTALLED SW TREAD", and remarks that "INSTALLED TREAD BUT CONCRETE STEP NEEDS MASONARY REPAIR<br/?INSTALLED SW TREAD" (NYSCEF Doc. No. 86, at page 7 of 54).

---

[2] Plaintiff had requested discovery request sought complaints about the condition of the S1 staircase prior to the date of the subject incident (NYSCEF Doc No. 49 [plaintiff's discovery request] ¶ 16). The subject incident date in plaintiff's discovery request is September 22, 2016 (*id.* ¶ 29).

**160949/2017 RAYMOND, DIANA vs. NEW YORK CITY TRANSIT**
**Motion No. 005**

**Page 2 of 5**

2 of 5

- On January 17, 2015, a priority B complaint at the S1staircase described under job site as "S/W S1 BOTTOM STEP LOOSE TREAD" and under complaint as "TREAD CAST IRON – LOOSE" (*id.* at page 11 of 54),

- On April 2, 2015, a priority C complaint at the S1 staircase stating "NOSING – Other – Nosing loose" (*id.* at page 24 of 54).[3]

- On April 2, 2015, a priority C complaint at the S1 staircase stating "DEBRIS - Remove - CHUNK OF CONCRETE 2 FEET LONG WITH BOLTS STICKING OUT(NOT BELONGING TO NYCT) WAS DROPPED ON THE SIDE OF SW S1.TRIPPING HAZARD. -" (*id.* at page 24 of 54).

In relation to the Production by Station and Date Structure Report, Blandina testified as follows: this report includes a "job site" which is the same as the Service Call Report, i.e., the specific site about which a complaint has been made (Blandina EBT at 32, lines 20-22). "Job description" means the "accomplishment" required, e.g., that a stairway tread needs to be installed (*id.* at 32, lines 21-22). "Quantity" refers to the number of units replaced e.g., if it relates to a "stairway tread", "1" means that one stairway tread was replaced (*id.* at 32, lines 24; at 33, lines 2-6). "Status" means that "they made it safe" (*id.* at 32, lines 24-25).

Regarding the S1 staircase, the Production by Station and Date Structure Report contains the following entry:

- On January 21, 2015, under job site it states "S/W S1 BOTTOM STEP LOOSE TREAD". The job description states, "CAST IRON TREAD", with quantity noted as "1" and status as "repaired" (NYSCEF Doc. No. 86, at page 9 of 34).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"

(*Xiang Fu He v Troon Mgt., Inc*., 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]). On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

---

[3] According to Blandina, nosing is "the front part of the step, like a tread, some are metal and some aren't" (Blandina EBT at 85, line 40).

**160949/2017   RAYMOND, DIANA vs. NEW YORK CITY TRANSIT**                     **Page 3 of 5**
**Motion No.  005**

[* 3]

To be entitled to summary judgment in a trip and fall case, defendant has the burden of making "a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty*, LLC, 216 AD3d 477, 478 [1st Dept 2023] [internal quotation marks omitted]).

### I.     Whether defendant affirmatively created the hazardous condition

Here, defendant did not submit any evidence that it did not cause or create the alleged hazardous condition.  Although defendant contends that "[t]he plaintiff cannot demonstrate that the defendants [ ] created . . . the hazardous condition which precipitated the injury" (affirmation of defendant's counsel in support ¶ 19), "[m]erely pointing to gaps in an opponent's evidence is insufficient to satisfy the movant's burden" (*Hairston v Liberty Behavioral Mgt. Corp.*, 157 AD3d 404, 405 [1st Dept 2018]).

### II.    Whether defendant had actual or constructive notice

"Actual notice may be found where a defendant either created the condition, or was aware of its existence prior to the accident. In order to constitute constructive notice, a defect must be visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it"

(*Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011] [internal citation omitted]).

Defendant argues that no evidence has been introduced into the record that it had actual or constructive notice of the alleged hazardous condition (NYSCEF Doc. No. 69 [affirmation in support of motion] ¶ 14). Defendant relies upon the Service Call Reports and Blandina's deposition testimony.  Defendant argues that none of the service calls made prior to the date of the incident pertain to missing screws on the metal strip on any of the steps of staircase S1, or to a gap between the metal plate and cement (affirmation of defendant's counsel ¶ 8).

To the extent that defendant is arguing that plaintiff had the burden of introducing evidence of actual or constructive notice on this motion, that is not the law.  Rather, because this is defendant's motion for summary judgment, defendant, as the movant, has the "prima facie burden of showing lack of notice" (*Davis v Brookfield Properties Mgt., LLC*, 220 AD3d 527 [1st Dept 2023]).

Defendant submitted evidence of lack of actual notice.  Although the Service Call report indicates a priority A complaint at the S1 staircase stating "TREAD, CAST IRON – Loose," the Service Call report also indicates that another tread was installed.  The two other entries do not mention loose treads or missing screws.

However, defendant did not establish that it lacked constructive notice. "A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area

was last inspected or cleaned before plaintiff fell" (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]). Here, defendant did not submit any evidence of a recent inspection of staircase S1 prior to the incident.

For the first time in reply, defendant argues that an alleged defect concerning missing screws amounts to a trivial defect (reply affirmation of defendant's counsel ¶¶ 8-9). The court must reject this argument, as it "was improperly raised for the first time in defendant's reply brief" (*Givoldi, Inc. v United Parcel Serv.*, 286 AD2d 220, 220 [1st Dept 2001]).

Even if this court were to consider this argument, defendant would not have met its prima facie burden of demonstrating, as a matter of law, that the alleged defect was trivial (*see Balbo v Greenfield's Mkt. of Bethpage*, LLC, 216 AD3d 1130, 1131 [2d Dept 2023] [defendant "must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses"]).

Because defendant failed to meet its prima facie burden of demonstrating lack of constructive notice and demonstrating that it did not cause or create the alleged condition, defendant's motion for summary judgment dismissing the complaint is denied.

## CONCLUSION

It is hereby **ORDERED** that defendants' motion (Seq. No. 005) for summary judgment is **DENIED**.

This constitutes the decision and order of the court.

20240515115351RTSAI067828B439A142D3BDB34A820462A19E

| 5/14/2024 | | RICHARD TSAI, J.S.C. |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160949/2017  RAYMOND, DIANA vs. NEW YORK CITY TRANSIT**
**Motion No.  005**

Page 5 of 5

5 of 5